**Harry MOREIN, Plaintiff,**

v.

**Joseph WELDON, etc., et al., Defendants.**

Civ. A. No. 992–59.

United States District Court
D. New Jersey.
June 2, 1960.

Sanford Gallanter, Newark, N. J., for plaintiff.

Vincent P. Torppey, Newark, N. J., for City of Newark.

David D. Furman, Atty. Gen. of New Jersey, pro se and for defendants Byrne and Duffy.

Charles Crabbe Thomas, Camden, N. J., for amicus curiae, American Civil Liberties Union, South Jersey Chapter.

Before McLAUGHLIN, Circuit Judge, and HARTSHORNE and MORRILL, District Judges.

PER CURIAM.

This is a companion case to Fass et al. v. Roos, et al., 184 F.Supp. 353. It alleges that the New Jersey Sunday Closing Act of 1959, N.J.S.A. 2A:171–5.8 to 5.18, is unconstitutional as establishing a religion; restricting the practice of religion; as arbitrary and capricious and as denying the equal protection of the laws. A preliminary injunction to restrain the operation of the law as against him was denied plaintiff, December 11, 1959. A stay was ordered of further proceedings in this action until after the final determination in the New Jersey suit of Two Guys From Harrison, Inc., et al. v. Furman, 1960, 32 N.J. 199, 160 A.2d 265, was finally determined by the Supreme Court of that state.

On March 28, 1960 a petition for rehearing seeking to vacate the stay of proceedings in that matter and again asking for a preliminary injunction restraining the state authorities from enforcing the provisions of the Sunday Closing Law against them was filed in the Fass suit for the reasons outlined in the opinion in that action. Rehearing was allowed. In fairness to this plaintiff, he was also allowed a similar rehearing.

For the reasons stated in the Fass opinion, plaintiff's application for vacation of the stay and for a preliminary injunction against the enforcement of the Sunday Closing Act as to him will be denied. Further proceedings in the case will be stayed as stated in the prior order of this court until after the New Jersey Supreme Court has reached a final determination in the above referred to suit of Two Guys From Harrison, et al. v. Furman and until after final determination by the United States Supreme Court of the Sunday Closing appeals now before it or until further order of this court.

In the light of the situation above outlined defendants' motion to dismiss the amended complaint herein will be denied.

MORRILL, District Judge (dissenting in part).

This is a companion case to Fass, et al. v. Roos, et al., 184 F.Supp. 353, in which I dissented in part. I come to the same conclusions here based on substantially the same reasons expressed in my dissenting opinion in the Fass case.