63 N.J. Super. 596 (1960)
163 A.2d 39
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOSEPH MONTELEONE, DOROTHY MILLER AND MARGARET VAN SCIVER, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Gloucester County Court, Criminal Division.
Decided October 28, 1960.
*597 Mr. Alvin E. Granite, Gloucester County Prosecutor, attorney for plaintiff-respondent.
Mr. Grover C. Richman, Jr., attorney for defendants-appellants.
*598 KRAMER, J.C.C.
These three appeals from the Deptford Township Municipal Court were heard together on Thursday, October 6, 1960. Defendants were convicted in municipal court of violating the "Sunday Closing Law," L. 1959, c. 119; N.J.S.A. 2A:171-5.8 et seq.
Defendants did not deny the sales of articles within the banned categories. The appeal was an attack on the constitutionality of the law. Defendants were all employed by concessionaires in a supermarket known as "Bargain City, U.S.A.," Store No. 3, located in Deptford Township, Gloucester County, New Jersey.
Defendants, by evidence and statistics offered through witnesses who were officers or employees of "Bargain City, U.S.A.," attacked the law on three points:
1. The law is an act denying the free exercise of religion. No testimony was offered on this point, but counsel argued the point in defendants' brief. Our Supreme Court in Two Guys From Harrison, Inc. v. Furman, 32 N.J. 199 (1960), held otherwise saying the act does not offend the ban against church-state union. I am bound by that decision.
2. Classifications of articles saleable on Sunday are discriminatory. The only evidence offered on this point was Exhibits D1 and D2, one a list of articles saleable on Sunday and the other a list of articles that could not be sold on Sunday. Argument was to the effect that there is no reasonable or rational basis for the classifications made by the Legislature, the classifications being arbitrary and unreal.
The Supreme Court's decision in Two Guys From Harrison left this question open and indicated in its decision that evidence on this point should be considered. The Supreme Court said, however, "We must uphold a classification unless it is plainly demonstrated to be capricious. The required showing is not made merely by contrasting items which may and may not be sold." There is strong dictum in that opinion, 32 N.J., at pages 228 and 229, that the classifications are matters for the Legislature. On the basis of the two lists submitted to me I do not see how I am in *599 a position to override the expressed will of the Legislature and the dictum of the Supreme Court.
3. The law violates Article I, paragraph 12 of the New Jersey Constitution, which provides that "Excessive bail shall not be required, excessive fines shall not be imposed, and cruel and unusual punishments shall not be inflicted." Defendants argue that under section I of L. 1959, c. 119, fines and jail sentences become greater after repeated offenses; that section 2 of the act provides that after four convictions the premises involved shall be deemed to be a nuisance; that section 4 of the law makes directors, officers, managers, agents or employees of corporations personally liable.
The penalty for a first offense is $25, and no jail sentence is permitted until third conviction is had. This can hardly be said to be cruel and unusual punishment.
The principle of imposing greater penalties for subsequent offenses needs no defense. It is recognized in other statutes, such as the penalty for a second conviction on a charge of drunken driving and other Motor Vehicle Act violations (R.S., Title 39), Drug Act violations (R.S. 24:18-47) and certain criminal violations, to mention a few. The principle is also recognized in the parole statutes (N.J.S.A. 30:4-123.12), which provide that second and third and fourth offenders must serve a greater proportion of their sentences before becoming eligible for parole; and it is a matter of common knowledge that judges, almost without exception, will punish a recidivist more severely than they will a first offender.
The nuisance feature is almost a necessity in enforcing statutes such as chapter 119. There are always a few "scofflaws" who must learn the hard way. Padlocking "speakeasies" was never considered unconstitutional, and we have been prosecuting and convicting owners of premises where the law is habitually violated as operators of disorderly houses for many years. This act merely adopted that principle.
*600 Counsel for the defendants argues that section 4 of chapter 119 makes all the directors, officers, managers, agents or employees of a corporation liable personally for the cumulative fines and jail sentences permitted and authorized by section 1 of the act in cases where only an employee was arrested and convicted and no charge was brought against the employer corporation.
In the case sub judice there have been eight convictions of sales persons of the various departments contained within "Bargain City, U.S.A." Defendants in their brief argue that this section means that each director, officer, etc. can be penalized for the total amount of the maximum fines permitted by the act, and makes them also subject to the maximum jail sentences allowed by the act, even though the corporation has not been convicted and individual directors, officers, etc., have not been convicted.
Section 4 reads in part as follows: "* * * and the directors, officers, managers, agents or employers of corporations shall be personally liable for the penalties hereinabove provided." It does not say under what set of circumstances they shall be held personally liable. Obviously, they would be liable if charged and convicted as individuals. But would all those named be liable individually in the event the corporation alone was convicted? Is that what the Legislature meant to say? I think not. To hold that would be making persons subject to criminal or at least quasi-criminal penalties without a charge having been brought against them and without a hearing. This would be unconstitutional, and in interpreting statutes where two possible interpretations are advanced, the courts will select the interpretation that sustains the constitutionality of the act.
I conclude that section 4 applies to those circumstances where one or more of the classes named are convicted, possibly while acting on orders issued by their superiors in the corporation, or convicted jointly with the corporation, and are fined or ordered incarcerated. The individuals convicted *601 are then liable for the penalties and they cannot avoid that liability by "passing the buck" to the corporation.
During the trial of these three cases I admitted the following evidence:
Ex. D-3 Comparative profit and loss statement of Bargain City, U.S.A., for first seven months of 1959 and 1960.
Ex. D-4 Sales analysis by category of goods sold.
Ex. D-5 Comparative sales for first nine months of 1959 and 1960.
Ex. D-6 Comparative sales for last eight months of 1958 and 1959.
Ex. D-7 Comparative figures on Sunday sales for 1959 and 1960.
These exhibits tend to show that the act results in less business being done by "Bargain City, U.S.A." However, "Bargain City, U.S.A." is not a defendant in these three cases and I conclude it was an error to admit this testimony. I am of the opinion that this issue of financial harm resulting from Sunday closing was adequately treated and disposed of by the Supreme Court in the Two Guys From Harrison case.
I conclude that the act is constitutional and the three defendants are found guilty. The fines shall be the same as were imposed by the municipal magistrate in the municipal court. The prosecutor will submit an order in accord with these conclusions.