830

Joseph MONTELEONE, Margaret Van Sciver, Dorothy Miller, Bargain City, U.S.A., a corporation of the Commonwealth of Pennsylvania and Rockower Brothers, Inc., a New Jersey corporation, Plaintiffs,

v.

David D. FURMAN, Attorney General of the State of New Jersey, Alvin R. Granite, Prosecutor of Gloucester County, Edwin Erickson, Chief of Police, Deptford Township, Defendants.

VORNADO, INC., a Kansas corporation, Jaunty Dress Shops, Inc., a New Jersey corporation, Alfar Shops of Neptune, Inc., a New Jersey corporation, Alfar Shops of Garfield, Inc., a New Jersey corporation, Alfar Shops of North Bergen, Inc., a New Jersey corporation and Edward Reiff, Plaintiffs,

v.

David D. FURMAN, Attorney General of the State of New Jersey, Guy W. Calissi, John G. Thevos, Frank P. Scerbo, Lawrence A. Whipple, Edward J. Dolan, Vincent P. Keuper, Arthur S. Meredith, H. Douglas Stine, Prosecutors of the Pleas of the Counties of Bergen, Passaic, Morris, Hudson, Middlesex, Monmouth, Somerset and Union, respectively, James C. Pellington, Ralph Schrader, John Schlicht, Fred Wandres, Mark S. Masters, Carmine Perrapatto, Louis J. Rischer, John Egan, Walter Pich, Ralph Barrett, Edward Flaherty and Edward Shoemaker, Chiefs of Police of the Borough of Totowa, Township of East Hanover, Township of North Bergen, Town of Kearney, Borough of Maywood, City of Garfield, Borough of Fairlawn, Township of Woodbridge, Township of East Brunswick, Borough of Watchung, City of Elizabeth and Borough of Neptune City, respectively, Defendants.

Civ. A. Nos. 1039-60, 1051-60.

United States District Court
D. New Jersey.

Jan. 26, 1961.

Evoy & Feinberg, by Alexander Feinberg, Camden, N. J., for plaintiffs.

David D. Furman, Atty. Gen. of State of New Jersey, by David M. Satz, Jr., Asst. Atty. Gen., for defendants.

Before FORMAN, Circuit Judge, and MADDEN and LANE, District Judges.

FORMAN, Circuit Judge.

These two suits are additional assaults upon the New Jersey Sunday Closing Act of 1959,[1] N.J.S.A. 2A:171–5.8 to 5.18

---

1. An earlier case, still pending, is Fass v. Roos, D.C., 184 F.Supp. 353 (June 2, 1960), as is its companion, Morcin v. Weldon, D.C., 184 F.Supp. 359.

(hereafter called the Act). In the first (Docket No. 1039–60) Joseph Monteleone, Margaret Van Sciver and Dorothy Miller are individual plaintiffs allegedly employees of various concessionaires of the plaintiff, Bargain City, U. S. A. (Bargain City), a Pennsylvania corporation, authorized to do business in New Jersey, engaged in leasing concessions in and operating a discount department store in Deptford Township, Gloucester County, New Jersey. The remaining plaintiff, Rockower Brothers, Inc., a New Jersey corporation, leases space for the sale of wearing apparel and is one of approximately 35 of Bargain City's concessionaires. The corporate plaintiffs brought the action on behalf of themselves and all other persons and corporations leasing concessions and selling merchandise in Bargain City's store. See Rule 23 Federal Rules of Civil Procedure, 28 U.S.C.A.

The defendants are respectively officers primarily responsible for the enforcement of the law in the state, county and municipality in which Bargain City's store is located.

In the second case (Docket No. 1051–60) plaintiff, Vornado, Inc. is a Kansas corporation, authorized to do business in New Jersey, and similarly to Bargain City is engaged in leasing concessions and operating discount stores at various places in New Jersey.

The plaintiffs, Jaunty Dress Shops, Inc.; Alfar Shops of Neptune, Inc.; Alfar Shops of Garfield, Inc. and Alfar Shops of North Bergen, Inc., New Jersey corporations, are among approximately 15 concessionaires of Vornado. Each conducts a concession in one or more locations of Vornado in various municipalities and counties in New Jersey.

The plaintiff, Edward Reiff, is an employee of Vornado at its store in Garfield, Passaic County, New Jersey.

The defendants include David D. Furman, the Attorney General of New Jersey, and the several officers principally responsible for the enforcement of the

law in the municipalities and counties where the plaintiffs are engaged.

Since the purpose of the second suit is identical with that of the first they were ordered consolidated.

Jurisdiction in both cases is alleged under 28 U.S.C.A. § 1343.

In both cases plaintiffs seek injunctions to restrain defendants from enforcing the Act against them, alleging that its enforcement will result in irreparable damage because of (1) the loss of Sunday business in the articles banned; (2) the threat that the continued loss of Sunday business in such articles will cause "them to close their entire store premises on Sunday" which, it is claimed, will deprive them of a large portion of their weekly sales; and (3) the possible declaration of a nuisance and confiscation of personal property located upon the premises "which will result in the possible loss to the plaintiffs * * * of merchandise having the value of many hundreds of thousands of dollars."

The plaintiffs also request this court to declare the Act and defendants' actions in enforcing the same as violative of the Constitution of the United States on the grounds, among others, that they (1) violate the First and Fourteenth Amendments in that the Act is on its face a law respecting the establishment of a religion or religions and prohibit the free exercise of religion; (2) violate the Fourteenth Amendment in that the Act denies the plaintiffs equal protection of the law and deprives them of their property and liberty without due process of law because

"the selection of the items set forth, the exclusion of other similar items by their not being set forth and the fines and penalties provided for therein, including possible confiscation of all merchandise located upon the store premises is arbitrary and without reasonable basis for classification";

and (3) violate the Fourteenth Amendment by denying plaintiffs equal protection of the law and depriving them of

their liberty and property without due process of law by working an unjust discrimination against plaintiffs in favor of other types of retail outlets

"by reason of the nature of the business of discount department store operation wherein plaintiffs and plaintiffs' concessionaires conducted their business for the benefit of week end consumers * * *".

The defendants moved to dismiss on the grounds that (1) reasons of policy and comity require that this court should decline to adjudicate the controversy and (2) that previous judicial decisions authoritatively establish that the Act does not violate freedom of religion and does not constitute a deprivation of due process of law or of the equal protection of the laws.

The parties have appeared and argued their applications to a court of three judges pursuant to Title 28 U.S.C.A. §§ 2281 and 2284.

 It is now well established doctrine that federal courts should not adjudicate the constitutionality of state enactments fairly open to interpretation until the state courts have been afforded a reasonable opportunity to pass upon them. Harrison v. N. A. A. C. P., 1959, 360 U.S. 167, 176, 79 S.Ct. 1025, 3 L.Ed. 2d 1152; County of Allegheny v. Frank Mashuda Co., 1959, 360 U.S. 185, 79 S.Ct. 1060, 3 L.Ed.2d 1163; Martin v. Creasy, 1959, 360 U.S. 219, 79 S.Ct. 1034, 3 L.Ed. 2d 1186. Moreover federal courts cannot enjoin future criminal prosecution unless "the circumstances are exceptional and the danger of irreparable loss is both great and immediate." Cline v. Frink Dairy Co., 1927, 274 U.S. 445, 451–453, 47 S.Ct. 681, 683, 71 L.Ed. 1146; Fenner v. Boykin, 1926, 271 U.S. 250, 46 S.Ct. 492, 70 L.Ed. 927; Beal v. Missouri Pacific R. Co., 1940, 312 U.S. 45, 61 S.Ct. 418, 85 L.Ed. 577; Watson v. Buck, 1940, 313 U.S. 387, 61 S.Ct. 962, 85 L.Ed. 1416 and Douglas v. City of Jeannette, 1943, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324.

In Fass v. Roos, D.C.D.N.J.1960, 184 F.Supp. 353 a three judge court of this district had before it the same statute and almost the identical issues involved here.[2] It stayed any adjudication of the constitutionality of the statute and declined to issue a preliminary injunction pending the final determination of issues in the New Jersey Courts and the United States Supreme Court, saying:

"With plaintiffs themselves affirmatively insisting that the religious questions before us and raised by the Two Guys complaint in the state cause have not been as yet passed upon by the state court [Two Guys from Harrison v. Furman, 1960, 32 N. J. 199, 160 A.2d 265]; with those questions themselves now before the United States Supreme Court for consideration and determination; with the New Jersey Sunday Closing Law having been generally upheld by the Supreme Court of that state and the arbitrary classification charge not finally concluded we are satisfied that the plaintiffs have not sustained their heavy burden of establishing their right to a preliminary injunction against enforcement of the state criminal statute involved. A federal court cannot interfere where the proceedings are already pending in a state court nor enjoin future prosecutions under the statute in question unless the statute provides such enormous penalties as to preclude testing its validity in the state courts." 184 F.Supp. at page 355.

The New Jersey Courts still have before them the following "unfinished business":

(1) The issue of fact as to whether the classification of banned products was ar-

2. In that case the standing of the plaintiffs as Orthodox Jews was clearly defined. The plaintiffs here claim no such standing but at oral argument contended that it could be ascribed to customers of the plaintiffs who might be of that religious persuasion. See Crown Kosher Super Market of Mass., Inc. v. Gallagher, D.C.D.Mass.1959, 176 F.Supp. 466.

bitrary, remanded for trial to the Law Division of the Superior Court of New Jersey in Two Guys from Harrison[3] v. Furman, 1960, 32 N.J. 199, 160 A.2d 265, awaits pretrial proceedings in that court.

(2) On January 16, 1961, the Supreme Court of New Jersey granted a motion for certification in State v. Fass, the chief issue in which is whether the Act prohibits the free exercise of religion.

(3) In State v. Monteleone, et al., pending before the Appellate Division of the Superior Court of New Jersey (the appeal of the individual plaintiffs in one of the present cases) certain penalty provisions are awaiting construction (Docket No. A–241–60). The opinion below may be found in 63 N.J.Super. 596, 165 A.2d 39 (Cty.Ct.1960).

Furthermore the guidance of the United States Supreme Court is much nearer than it was when Fass v. Roos, supra, was decided. During the week of December 5, 1960 the Court heard oral arguments in four cases which present the same basic issues involved here. They are Two Guys from Harrison-Allentown,

Inc. v. McGinley, D.C.E.D.Pa.1959, 179 F.Supp. 944; McGowan v. State of Maryland, 1959, 220 Md. 117, 151 A.2d 156; Crown Kosher Super Market of Mass., Inc. v. Gallagher, D.C.D.Mass.1959, 176 F.Supp. 466; Braunfeld v. Gibbons, D.C. E.D.Pa.1959, 184 F.Supp. 352, 353. See 29 U.S.L. Week 3173 (December 13, 1960).

Plaintiffs, however, seek to distinguish this case from Fass v. Roos, supra, by alleging that there was only one conviction in it, while here there have been three convictions of employees of various concessionaires of Bargain City.[4] They also allude to the arrest on December 18, 1960, of one Anthony Feoli, another employee of a Bargain City concessionaire, although he has not been brought to trial as yet. It is argued that under the terms of the Act[5]

" * * * Feoli, every director, officer, manager, agent and employee of Feoli's employer and every director, officer, manager, agent, and employee of plaintiff, Bargain City, U. S.A. shall be liable for a fine of not less than $200 or more than $500 and

---

3. The corporate predecessor of Vornado, Inc., a plaintiff in one of the cases at bar.

4. Vornado and its concessionaires allege only the arrest of employees.

5. "2A:171–5.8 *Retail, wholesale, or auction sale of certain articles on Sunday prohibited; violators as disorderly persons; penalties*

* * * * *

"Any person who violates any provision of this act is a disorderly person and upon conviction for the first offense, shall pay a fine of $25.00; and for the second offense shall pay a fine of not less than $25.00 or more than $100.00 to be fixed by the court; and for the third offense, shall pay a fine of not less than $100.00 or more than $200.00 to be fixed by the court or, in the discretion of the court, may be imprisoned for a period of not more than 30 days, or both; and for the fourth or each subsequent offense, shall pay a fine of not less than $200.00 or more than $500.00 to be fixed by the court or, in the discretion of the court, may be imprisoned for a period of not less than 30 days or more than 6 months,

or both. A single sale of an article or articles of merchandise of the character hereinabove set forth to any 1 customer, or a single offer to sell an article or articles of such merchandise to any 1 prospective customer, shall be deemed to be and constitute a separate and distinct violation of this act. L.1959, c. 119, p. 530, § 1."

"2A:171–5.9 *Additional penalties; nuisance*

"In addition to the penalties hereinabove provided in case of conviction under section 1 of this Act,[1] upon any 4 convictions for violations of this act, the premises in or upon which the violation occurred shall be deemed a nuisance. L.1959, c. 119, p. 531, § 2.

1 Section 2A:171–5.8."

"2A:171–5.11 *Additional remedy; liability of corporate officers and employees*

"This act shall be construed as an additional remedy to secure proper Sunday observance and the directors, officers, managers, agents or employees of corporations shall be personally liable for the penalties hereinabove provided. L.1959, c. 119, p. 533, § 4."

subject to possible imprisonment for a period of not less than thirty days or more than six months or both." Plaintiffs' br. pp. 14–15.

The difficulty with plaintiffs' position is that there is no allegation that Feoli (not a plaintiff or as yet put to trial), or any plaintiff is a fourth offender under the Act. While it does provide the above penalties for a fourth offense nowhere is it alleged that proceedings have been instituted for such penalties against any officer of Bargain City or Feoli's employer, whoever that may be, or any other.

Plaintiffs press further that in the event of Feoli's conviction the additional penalty of the Act, that the premises may be deemed a nuisance upon a fourth conviction, may come into play.[6] Under the penalty sections of the New Jersey Nuisance Statute [7] the plaintiffs contend that they are exposed to the hazard of confiscation of the entire inventory contained within the store and by virtue of a nuisance being a misdemeanor every official of the plaintiff, Bargain City, may be imprisoned. Here, as in the case of the consideration of the other sanctions which may be imposed on a fourth conviction, the danger is speculative and is not of such imminence as to warrant interference by this court now, if ever. The plaintiffs in the Monteleone case

(Civil Action 1039–60) do allege that the defendants have threatened

"* * * that upon the fourth conviction of any persons upon plaintiff, Bargain City, U.S.A. store premises, that they would enforce the provisions of N.J.S.A. 2A:171–5.8, et seq., and of the nuisance provisions of the New Jersey State Law * * *"

The defendants, however, in their answer, deny such allegations "to the extent of the characterization of actions by the appropriate law enforcement officials;" stating that "the latter have merely performed the duties required by law." In the face of these pleadings the alleged threat can hardly be termed certain or immediate. Professor Moore has said:

"But although a state statute may be unconstitutional, a federal injunction against its enforcement by criminal prosecution, either as to the entire statute or its separate and distinct prohibitions, is not to be granted unless it appears that there is a specific threat that prosecutions are to be begun so immediately and in such numbers and manner that, unless restrained, plaintiff will suffer the exceptional and irreparable injury which alone justifies equitable suspension of proceedings in criminal courts * * *" 7 Moore, Fed-

---

6. Ibid.

7. "2A:130–3 *Maintaining nuisance a misdemeanor*

"Any person who maintains a nuisance, as defined in this chapter, is guilty of a misdemeanor."

"2A:130–4 *Abating nuisance; seizure and forfeiture of chattels involved*

"In addition to the penalty imposed in case of conviction under section 2A:130–3 of this title, the court in its discretion and as part of the penalty, may order the immediate abatement of the nuisance, and for that purpose may order the seizure and the forfeiture or destruction of any chattels, liquors or other personal property which may be found in such building or place, and which the

court is satisfied from the evidence in the case were possessed, used or intended to be used to maintain the nuisance. Any such forfeiture shall be in the name and to the use of the state of New Jersey, and the court shall direct the forfeited property to be sold at public sale, the proceeds to be paid to the treasurer of the county wherein conviction was had."

"2A:130–5 *Additional penalty; house may be closed 1 year*

"If the owner of any building or place is found guilty of maintaining a nuisance, the court, in its discretion, and as an additional penalty, may order that the building or place where the nuisance was maintained be closed and not used for a period not exceeding 1 year from the date of the conviction."

eral Practice, § 65.20, at p. 1694 (2d ed. 1955).

Without intimidating any determination as to whether plaintiffs' prayers for relief would be granted, were there imminent danger of the invocation of the sanctions against them under the fourth conviction provision of the Act, absent such imminent danger we reach a result similar to that in Fass v. Roos, supra.

We have not overlooked the objections of the defendants to plaintiffs' standing to challenge the Act on religious grounds. In view of the disposition we make of these cases we take no position on that issue now.

Finally we make the general observation that the several suits presently pending to test the Act in both state and federal courts are necessarily time taking because of the many complicated technical issues which are raised. They have been and are being prosecuted diligently and with normal speed. To add another decision in the cases at bar quite duplicative of those already under scrutiny on the eve of the final determinations that confidently may be expected soon would not advance the cause of comity. Fass v. Roos, supra, 184 F. Supp. at page 356.

Plaintiffs' application for injunction and defendants' motion to dismiss are denied. Further proceedings in these cases will be stayed until a final decision is reached in Two Guys from Harrison v. Furman, supra; State v. Fass, now in the Supreme Court of New Jersey as aforesaid; State v. Monteleone, now before the Appellate Division of the Superior Court of New Jersey previously noted, and until the United States Supreme Court finally determines the appeals now before it in Two Guys from Harrison-Allentown, Inc. v. McGinley, supra; McGowan v. State of Maryland, supra; Crown Kosher Super Market of Mass., Inc. v. Gallagher, supra; and Braunfeld v. Gibbons, supra, or until further order of this court.

An order should be submitted in conformity with the foregoing opinion.