Barry WEINSTEIN, Plaintiff,

v.

TOWNSHIP OF FRANKLIN, NEW
JERSEY, et al., Defendants.

Civ. A. Nos. 95–1446(MLP), 95–2965.

United States District Court,
D. New Jersey.

Sept. 15, 1995.

272

Barry Weinstein, Edison, New Jersey, pro se.

Steven J. Zweig, Deputy Attorney General, Trenton, New Jersey, for defendant Deborah T. Poritz, Attorney General.

Arlene M. Turinchak, McGimpsey & Cafferty, Somerset, New Jersey, for defendants Franklin Township and Mark Lewis.

Thomas S. Smith, First Assistant Public Defender, Trenton, New Jersey, for defendants Brenda Smith and Robert Gaynor.

## OPINION

PARELL, District Judge.

This matter comes before the Court on motion of plaintiff for the issuance of a "temporary injunction," and on separate motions of defendants Brenda Smith and Robert Gay-

nor, and defendant Deborah T. Poritz for dismissal under Fed.R.Civ.P. 12(b)(6). Objections have been filed by the parties opposing the motions. For the reasons stated, the motion of defendants to dismiss is granted and the motion of plaintiff for injunctive relief is denied.

### FACTUAL BACKGROUND

Plaintiff and his wife were divorced in 1992 when their only child David was four years of age. The Dual Judgment of Divorce provided for joint custody of David conditioned upon plaintiff's submission of the results of certain drug and alcohol tests. (Pl.'s Ex. 2, ¶¶ p, q, r, s.) [1] Plaintiff never submitted the required reports, thus giving the former Mrs. Weinstein sole custody of David. (Pl.'s Exs. 4 & 5: Court Orders of the Court of Common Pleas of Northampton County, Pennsylvania, dated July 9, 1993 and December 9, 1993, No. 1993–C–5117.)

On April 30, 1994, at approximately 11:40 A.M., it appears that David Weinstein, age six, was playing outside his Franklin Township, New Jersey, home. Without prior permission or notification, plaintiff picked up David and took him to upstate New York. (Pl.'s Ex. 3: Somerset County Grand Jury Transcript of June 24, 1994.) The police were notified and, following a call from plaintiff as to his whereabouts, David was returned to New Jersey. Plaintiff was arrested and charged with violation of N.J.Stat. Ann. 2C:13–4, which makes it a criminal offense to interfere with child custody orders.[2]

1. The Dual Judgment of Divorce appears to be currently on appeal.

2. Section 2C:13–4, Interference with custody, provides in pertinent part:

A person, including a parent, guardian or other lawful custodian, is guilty of interference with custody if he: (1) Takes or detains a minor child with the purpose of concealing the minor child and thereby depriving the child's other parent of custody or visitation of the minor child ... or (4) After the issuance of a temporary or final order specifying custody, visitation or joint custody rights, takes, detains, entices or conceals a minor child from the other parent in violation of the custody or visitation order. Interference with custody is a crime of the third degree.... It is an affirmative defense to a prosecution under subsection a. of this section, which must be proved by

clear and convincing evidence, that: (1) The actor reasonably believed that the action was necessary to preserve the child from imminent danger to his welfare. However, no defense shall be available pursuant to this subsection if the actor does not, as soon as reasonably practicable but in no event more than 24 hours after taking a child under his protection, give notice of the child's location to the police department of the municipality where the child resided, the office of the county prosecutor in the county where the child resided, or the Division of Youth and Family Services in the Department of Human Services; (2) The actor reasonably believed that the taking or detaining of the minor child was consented to by the other parent, or by an authorized State agency; or (3) The child, being at the time of the taking or concealment not less than 14 years old, was taken away at his own volition and without

## PROCEDURAL BACKGROUND

This matter was opened to the Court on March 29, 1995, by means of an unverified Complaint of plaintiff Barry Weinstein seeking a temporary restraining order and for an order to show cause why a preliminary injunction should not issue against defendants Franklin Township, Somerset County, Detective Lewis and other unnamed John Does. (Complaint filed March 27, 1995.) The Court found the application deficient and denied plaintiff's request without prejudice. (Order filed March 27, 1995.) On April 6, 1995, plaintiff filed a deficient "reapplication for an Order to Show Cause." (*See* Papers submitted April 6, 1995.) Subsequently, on May 11, 1995, plaintiff filed an amended Complaint seeking declaratory and injunctive relief and naming as additional defendants New Jersey Attorney General Deborah Poritz, Somerset County Prosecutor Nicholas Bissel, and Craig Bartow. (Amended Complaint filed May 11, 1995.) On June 15, 1995, plaintiff filed an additional set of papers also seeking a temporary injunction against defendants. (*See* Brief filed June 15, 1995.) In each of his submissions, plaintiff appears to be challenging his ongoing prosecution under N.J.Stat.Ann. 2C:13–4 (1994), a statute that criminalizes conduct of any person, including a parent, who detains a minor child with the purpose of concealing the child and thus depriving the child's other parent from lawful custody or visitation. Plaintiff appears to challenge the constitutionality of this statute and thereby seek to halt his pending prosecution.

On June 21, 1995, plaintiff filed a separate lawsuit under 42 U.S.C. § 1983, docketed as *Weinstein v. Smith, et al.,* No. 95–2965(MLP).[3] There, plaintiff alleged that, *inter alia,* two members of the Somerset Regional Office of the New Jersey Office of the Public Defender, Brenda Smith and Robert Gaynor, deprived plaintiff of his constitutional rights. Plaintiff alleged that Smith and Gaynor conspired with the judiciary in permitting any charges that plaintiff interfered with child custody to go forward. Due to the fact that the new lawsuit was intimately connected to the prior lawsuit, this Court consolidated the two cases. (Order of July 25, 1995.)

On July 11, 1995, defendant Deborah Poritz filed a motion to dismiss the Complaint on the basis that: (1) the Attorney General is not involved in the plaintiff's prosecution under N.J.Stat.Ann. 2C:13–4; (2) the Complaint lacks specificity as to defendant Poritz; (3) adjudicating the Complaint would impermissibly involve the federal court in the exclusively state matter of domestic relations; and (4) the Complaint is barred by the Eleventh Amendment.

On July 17, 1995, defendants Smith and Gaynor moved to dismiss the Complaint on the basis that the activities of the defendants

purpose to commit a criminal offense with or against the child.... f. (1) In addition to any other disposition provided by law, a person convicted under subsection a. of this section shall make restitution of all reasonable expenses and costs, including reasonable counsel fees, incurred by the other parent in securing the child's return. (2) In imposing sentence under subsection a. of this section the court shall consider, in addition to the factors enumerated in chapter 44 of Title 2C of the New Jersey Statutes: (a) Whether the person returned the child voluntarily; and (b) The length of time the child was concealed or detained.

N.J.Stat.Ann. 2C:13–4.

3. It appears that the present Complaint is the latest in a series of lawsuits that plaintiff has filed in the United States District Court for the District of New Jersey seeking essentially the same relief involving the custody of his son David. On April 7, 1993, plaintiff filed an application for an Order to Show Cause to restrain several New Jersey State judges from enforcing the divorce decree. (*Weinstein v. New Jersey, et al.,* No. 93–1603(GEB)). The Honorable Judge Brown dismissed the Complaint for failure to state a claim. (Order filed April 16, 1993.) On July 6, 1993, plaintiff filed a Complaint against his former wife and several other defendants. (*Weinstein v. Weinstein, et al.,* No. 93–2924(HLS)). The Honorable H. Lee Sarokin dismissed the Complaint for lack of jurisdiction. (Order of April 11, 1994.) On January 24, 1994, plaintiff filed another lawsuit making similar allegations. (*Weinstein v. Hogan, et al.,* No. 94–0394(DRD)). The Honorable Dickinson R. Debovoise dismissed the Complaint. (Order filed January 27, 1994.)

It also appears from the papers submitted that plaintiff has filed similar actions in state court. (*See* Ex. 7 to Pl.'s Br., referencing state court denials of emergent relief by Judge John D'Amico, J.S.C., on July 27, 1993 and by Judge Clarkson S. Fisher, Jr., J.S.C. on September 13, 1994.)

are not "under color of law" for purposes of section 1983, and that plaintiff has failed to allege sufficient facts to state a claim for conspiracy. On August 8, 1995, defendant Franklin Township filed opposition to plaintiff's request for preliminary injunctive relief.

## DISCUSSION

### A. Plaintiff's Request for Injunctive Relief

Plaintiff has asked for a "temporary injunction ... preventing the named defendants from any further prosecution, any further unconstitutional actions, causing irreparable injury to the plaintiff and his son." (Pl.'s Br.) Plaintiff further contends that "N.J.Stat.Ann. 2C:13-4 is unconstitutional on its face since custody is awarded in over 95% [sic] to women/mothers; as is common knowledge, as per this courts [sic] mandatory obligation to recognize under judicial notice 201(d)." (Pl.'s Amended Compl. at 37.) Plaintiff does not appear to seek damages but declaratory and injunctive relief only.

■ The grant of injunctive relief is an "extraordinary remedy, which should be granted only in limited circumstances." *Frank's GMC Truck Center, Inc. v. General Motors Corp.*, 847 F.2d 100, 102 (3d Cir.1988) (citing *United States v. City of Philadelphia*, 644 F.2d 187, 191 n. 1 (3d Cir.1980)). In ruling on a motion for a preliminary injunction, this Court must consider (1) the likelihood that the moving party will prevail on the merits at final hearing; (2) the extent to which the moving party will suffer irreparable injury in the absence of relief; (3) the extent to which the nonmoving party will suffer irreparable injury if the preliminary injunction is issued; and (4) the public interest. *See Opticians Ass'n v. Independent Opticians*, 920 F.2d 187, 191–92 (3d Cir.1990).

■ In order to win injunctive relief, plaintiff must demonstrate the likelihood of success on the merits of his claim. Insofar as plaintiff seeks to enjoin his ongoing criminal proceeding, plaintiff cannot demonstrate a likelihood of success. Under *Younger v.*

*Harris*, 401 U.S. 37, 46, 91 S.Ct. 746, 751, 27 L.Ed.2d 669 (1971), a federal court will not enjoin proceedings in a state court unless "the threat to the plaintiff's federally protected rights [is] one that cannot be eliminated by his defense against a single criminal prosecution." *Id.* Plaintiff has failed to show that his challenge to the constitutionality of the statute cannot be conducted in state court. Moreover, it is now well established doctrine that "federal courts should not adjudicate the constitutionality of state enactments fairly open to interpretation until the state courts have been afforded a reasonable opportunity to pass upon them." *Harrison v. N.A.A.C.P.*, 360 U.S. 167, 176, 79 S.Ct. 1025, 1030, 3 L.Ed.2d 1152 (1959).

■ To the extent that plaintiff is not seeking immediate cessation of his criminal prosecution, but protection from a future prosecution, *see Wooley v. Maynard*, 430 U.S. 705, 710–12, 97 S.Ct. 1428, 1433–34, 51 L.Ed.2d 752 (1977) (*Younger* does not bar federal jurisdiction where plaintiffs are seeking prospective relief in the form of an injunction against prosecutions for future violations of state law), plaintiff must show that "the circumstances are exceptional and the danger of irreparable loss is both great and immediate." *Monteleone v. Furman*, 192 F.Supp. 830, 832 (D.N.J.1961) (citations and internal quotation marks omitted). The Court finds that plaintiff has not made such a showing.[4] Plaintiff appears to seek an injunction against state officials that would allow plaintiff to re-acquire custody of his son and thus overturn a valid custody order. Even if this Court were so inclined to issue an extraordinary injunction, such an order would violate a century-old prohibition against federal court intervention in child custody suits. *In re Burrus*, 136 U.S. 586, 593–94, 10 S.Ct. 850, 853, 34 L.Ed. 500 (1890) ("As to the right to the control and possession of this child, as it is contested by its father ... it is one in regard to which neither the Congress of the United States nor any authority of the United States has any special jurisdiction.... The whole subject of

---

**4.** Plaintiff fails to make this showing because he has an adequate opportunity to challenge both his prosecution and the original custody order in state court. Moreover, it appears that any "loss" plaintiff suffers in connection with the loss of custody of his son is due to plaintiff's own apparent failure to abide by the provisions of the Dual Judgment for Divorce.

the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."); *Ankenbrandt v. Richards,* 504 U.S. 689, 704, 112 S.Ct. 2206, 2215, 119 L.Ed.2d 468 (1992) ("[S]tate courts are more eminently suited to work of this type than are federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony, and child custody decrees. Moreover, as a matter of judicial expertise, it makes far more sense to retain the rule that federal courts lack power to issue these types of decrees because of the special proficiency developed by state tribunals over the past century and a half in handling issues that arise in the granting of such decrees.")

■ In addition, to demonstrate a likelihood of success on the merits, plaintiff must demonstrate a likelihood that he can prove that the statute in question is unconstitutional. This is a significant burden because it is well settled that a duly enacted statute is presumed to be constitutional. *McDonald v. Board of Election Comm'rs of Chicago,* 394 U.S. 802, 809, 89 S.Ct. 1404, 1408–10, 22 L.Ed.2d 739 (1969); *Eaton v. Jarvis Prods. Corp.,* 965 F.2d 922 (10th Cir.1992). Plaintiff's arguments that the statute is facially unconstitutional are unpersuasive. For example, plaintiff argues that, because more mothers than fathers are granted custody (an assertion for which plaintiff provides no factual basis), the statute that prohibits the noncustodial parent from interfering with the rights of the custodial parent illegally discriminates on the basis of gender. Such a contention, even if true, can be made in state court.[5]

Therefore, after reviewing the parties' submissions, the Court does not find that plaintiff has satisfied the requirements for the issuance of a preliminary injunction.

*B. Motions to Dismiss*

*1. Defendants Smith and Gaynor*

■ Defendants Smith and Gaynor of the Public Defender's Office contend that their official actions taken in connection with the representation of plaintiff were not under color of state law for purposes of liability under 42 U.S.C. § 1983. The Court agrees with this contention. Under *Black v. Bayer,* 672 F.2d 309, 314, (3d Cir.), *cert. denied,* 459 U.S. 916, 103 S.Ct. 230, 74 L.Ed.2d 182 (1982), the Court of Appeals for the Third Circuit held that public defenders acting in their official capacities are absolutely immune from civil liability under section 1983. *Id.* at 320.

■ In addition, plaintiff has failed to adequately set forth the elements necessary to state a claim for conspiracy. *See United Bhd. of Carpenters v. Scott,* 463 U.S. 825, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983). Plaintiff has not alleged any overt acts that might constitute a conspiracy. Therefore, plaintiff's conspiracy claim is dismissed under Fed.R.Civ.P. 12(b)(6).[6]

*2. Defendant Poritz*

Plaintiff's submissions make it unclear what relief plaintiff seeks from Defendant Poritz. Poritz is not connected to plaintiff's prosecution nor has defendant sought to intervene in plaintiff's apparent constitutional challenge of the statute. *See* New Jersey Court R. 4:28–4(d). Therefore, defendant's

---

**5.** The logic of this argument suggests that any law that disproportionately affects one gender more than the other, for whatever reason, constitutes illegal discrimination. The Court is unaware of any statute (such as Title VII) that provides such protection. Nor is the Court aware of any statute that prohibits adverse impact discrimination in the context of a criminal offense statute.

**6.** A motion to dismiss a complaint under Fed. R.Civ.P. 12(b)(6) will be granted when, taking the allegations in the complaint and all reasonable inferences therefrom as true, the plaintiff can

prove no set of facts that would entitle him to relief. *See Bartholomew v. Fischl,* 782 F.2d 1148, 1152 (3d Cir.1986). The evaluation of a *pro se* litigant's complaint, however, is less exacting than that of complaints submitted by attorneys. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). In order for a court to order the dismissal of a *pro se* litigant's complaint, the court must find "beyond a doubt that plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Id.* at 520–21, 92 S.Ct. at 596.

motion to dismiss shall be granted. An appropriate Order accompanies this Opinion.

### ORDER

This matter having come before the Court by motion of plaintiff for injunctive relief and by defendants Brenda Smith, Robert Gaynor and Deborah T. Poritz for dismissal; and the Court having reviewed the submissions of the parties; and good cause appearing;

IT IS on this 14th day of Sept., 1995, **ORDERED** that the motion of plaintiff for a preliminary injunction be and is **DENIED;**

IT IS FURTHER ORDERED that the motions of defendants Poritz, Gaynor, and Smith to dismiss under Fed.R.Civ.P. 12(b)(6) be and are hereby **GRANTED.**