McGOWAN et al. *v.* STATE

[No. 237, September Term, 1958.]

(Seven Appeals In One Record)

118

*Decided May 14, 1959.*

The cause was argued before Brune, C. J., and Henderson, Hammond and Horney, JJ.

*Melvin J. Sykes,* with whom was *Harry Silbert* on the brief, for appellants.

*John Martin Jones, Jr., Assistant Attorney General,* with

120

whom were *C. Ferdinand Sybert, Attorney General,* and *C. Osborne Duvall, State's Attorney for Anne Arundel County,* on the brief, for appellee.

HAMMOND, J., delivered the opinion of the Court.

Seven persons, convicted of making sales of merchandise forbidden on Sunday in Anne Arundel County, argue in their appeal that the trial court committed reversible error (1) in refusing to remove or postpone their trials; (2) in denying motions to dismiss the prosecutions based on the claims the Sunday Blue Law is unconstitutional (a) as violating the right of religious freedom guaranteed by the First and Fourteenth Amendments to the Constitution of the United States, (b) as discriminating arbitrarily in favor of certain sales and against others, and (c) as being vague and indefinite, all contrary to the Fourteenth Amendment and Articles 19 and 23 of the Maryland Declaration of Rights; and (3) in refusing to direct verdicts as to some of the accuseds after the evidence was in.

Code (1957), Art. 27, deals with "Sabbath Breaking" in Sections 492 to 534. Section 492 prohibits "bodily labor" on Sunday throughout the State, "works of necessity and charity always excepted," as well as any "unlawful pastime or recreation." Section 521 prohibits throughout the State the sale, barter or gift on Sunday of any merchandise except tobacco, cigars, cigarettes, candy, sodas and soft drinks, ice cream, and other confectionery, milk, bread, fruits, gasoline, oil and greases, drugs, medicines and patent medicines, and newspapers and periodicals. Section 522, also State-wide in operation, makes it unlawful to keep open or use on Sunday any "dancing saloon, opera house, tenpin alley, barber saloon or ball alley." Section 509 repeals pro tanto Sections 492, 521 and 522 in Anne Arundel County insofar as they prohibit there the operating of, or working at, any "bathing beach, bathhouse, amusement park, dancing saloon", and permits in the County on Sunday the "sale or selling of any novelties, souvenirs, accessories, or other merchandise essential to, or customarily sold at, or incidental to, the operation of the aforesaid occupations and businesses, at retail, picnic groves, amusements, games,

amusement rides, amusement devices, entertainments, shows
* * *."

For some time before September 1958 the Sunday laws had
not been enforced regularly or vigorously in Anne Arundel
County. Then, because of complaints that a newly opened
branch of an interstate chain of stores was flouting the law to
a degree exceeding that considered reasonable by competitors,
the Anne Arundel County police began and continued an ex-
tensive and non-discriminatory crackdown on forbidden Sun-
day sales. The appellants, all employees of the new store, were
arrested for, and charged with, selling merchandise on Sunday
in violation of Section 521.

Counsel for appellants, retained the day before the trial,
asked Judge Michaelson in chambers on the morning of the
trial for a postponement or removal of the trial. They were
told the motions would not be granted but that they would
have to be made and denied in open court. Then, in the court-
room in which the jury panel was seated, appellants requested
removal of their trials from the Circuit because "there has been
considerable agitation concerning these so-called Sunday Laws
in this County," said they did not have the necessary affidavits
prepared, and asked for a ruling on the motion as if the for-
malities had been complied with, and leave to file the motion
and supporting newspaper clippings to show the prevailing
sentiment of the community. Leave was granted for the late
filing of the motion and supporting data, and the removal was
denied. The motion to postpone the case because of the late
employment of counsel also was denied. As to this the court
said that some twenty-six days earlier he had told counsel then
representing appellants that there would be no postponement
and that the litigants could not now complain fairly of lack of
time to make full and proper defense. The court went on to
say that, from what he had been told by prior counsel for ap-
pellants, the litigants "went from one lawyer to another and
then finally to you gentlemen, who represent them today, pri-
marily for the purpose of getting these cases postponed * * *
and * * * that such tactics should not be sanctioned or ap-
proved by the Court, consequently, much as it regrets to do
it, it will have to overrule the motion for a postponement."

The appellants say it was an abuse of discretion for the trial judge not to grant either the motion for removal or the motion for postponement because, after he made the remarks he did in the presence of the prospective jurors, who were seated in the courtroom, they had to take a court trial or be tried by a prejudiced jury. We find no prejudicial error. It would appear from the record that the court had told counsel in chambers that he would deny both the removal and the post-ponement and that counsel, before they entered the courtroom, had decided to have the cases tried by the court because of the refusal to remove the case, not because of the refusal to post-pone the trials, and not because of the court's remarks in the presence of the jury.

A new panel of jurors was not requested, which could have been done if a jury trial had been wanted, because of what had been said by the court. In any event, the remarks of the court as to the reasons for refusing a postponement cannot reason-ably be expected to have had the effect the appellants seek to give them. They were no more than revelations of knowledge the judge had obtained officially from agents of the appellants during the progress of the case, and there is no reason to sup-pose that a jury chosen from the panel seated in the courtroom would have been influenced as to the guilt or innocence of the appellants by hearing the judge temperately say that they had attempted to postpone their trials.

There is no indication in the record that community senti-ment was aroused or adverse to Sunday sales or the appellants. If anything, the newspaper accounts of the new police enforce-ment of the Sunday laws were more sympathetic to the position of appellants than otherwise.

It is settled that refusal to remove a non-capital criminal case is not subject to review by this Court except upon a show-ing of abuse of discretion. *Piracci v. State,* 207 Md. 499, 508-509. We find no such abuse in Judge Michaelson's refusal to remove or postpone the case.

The appellants' argument that the Sunday Blue Laws are unconstitutional as violating the right of religious freedom has been answered many times by this and other courts, which have held that the basic purpose of such statutes, with their

exceptions, is the civil establishment and regulation of a day of rest from work, not a law respecting the establishment of religion or prohibiting the free exercise thereof, and that the statutes do not offend the First and Fourteenth Amendments to the Constitution of the United States. *Judefind v. State,* 78 Md. 510; *Levering v. Board of Park Com'rs,* 134 Md. 48; *People v. Friedman* (N. Y.), 96 N. E. 2d 184, 186, and cases cited therein (appeal dismissed for want of a substantial federal question, 341 U. S. 907). We have been shown no reason why we should depart from these holdings.

The argument of unconstitutionality on the ground of discrimination likewise has been answered before by the cases. The legislative plan is plain. It is to compel a day of rest from work, permitting only activities which are necessary or recreational. There can be, and often are, sharp differences of opinion as to what is necessary and what is proper or preferred recreation, but the answers must be given by the legislature, and if they are not clearly arbitrary or oppressively discriminatory, the legislative choices must be sustained. In *Ness v. Baltimore,* 162 Md. 529, 538, Chief Judge Bond, in upholding the Baltimore City ordinance permitting specified amusements, games and sports on Sunday afternoons and permitting certain retail sales on Sunday, said for the Court (in reference to alleged discriminations in the statute) : "But what is tolerable and what intolerable in Sunday observance seems to be a question which cannot be fully answered by a process of reason. It is to a large extent determined by the public conceptions of proper respect for the day, and these conceptions are the outcome of public sensibilities not based entirely upon any process of reasoning. Regulations to conform to the public conceptions can, perhaps, be less easily shaped by logical reason than almost any other governmental regulations. The constitutional prohibitions stand ready to prevent a clearly arbitrary and oppressive discrimination. * * * But the mere fact of inequality is not enough to invalidate a law, and the legislative body must be allowed a wide field of choice in determining what shall come within the class of permitted activities and what shall be excluded." See, too, *Brown v. State,* 177 Md. 321, and *People v. Friedman, supra.*

Appellants say that the Anne Arundel exceptions to the state-wide law go beyond those sanctioned in the *Ness* case because they permit the operation of bathhouses, bathing beaches, amusement parks and related facilities, and the sale of articles customarily sold at or incidental to the operation of, these facilities, as well as the sale of alcoholic beverages, and the operation of slot machines, pinball machines, and bingo games.

What is permitted all comes within the category of recreation, long recognized as a permissible Sunday activity. That we might think more appropriate or wholesome forms of recreation could have been chosen by the Legislature is of no moment, if those that were (presumably as reflecting the prevailing sentiment of the community), are not arbitrarily discriminatory or oppressive. We find the arguments of appellants on this point no more than the claim that the statutes are unwise, and, if they are right, this of itself does not make the law invalid.

We come to the contention that the Anne Arundel County Sunday law is unconstitutionally vague because no merchant can know whether or not the article he sells on that day is a novelty, souvenir, accessory or piece of merchandise "essential to, or customarily sold at, or incidental to, the operation of" bathing beaches, bathhouses, amusement parks or dancing saloons. This argument is made on the premise that Sec. 509 broadens the exceptions of Sec. 521 throughout Anne Arundel County so that anything "customarily sold at" a bathing beach, bathhouse, amusement park or dancing saloon can be sold on Sunday anywhere in the County. It may well be that the legislative intent in Sec. 509 was to permit the use and enjoyment by the public on Sunday of the specified places of recreation and to insure that enjoyment by allowing patrons to buy, on the spot, what they customarily could buy to use the facilities to the fullest. We need not decide whether sales were intended to be limited to the places of amusement specifically allowed to operate on Sunday. If we assume, as do the appellants, that the language of Sec. 509 is broad enough to permit sales anywhere in the County, we do not find Sec. 521, as so broadened by Sec. 509, unconstitutionally vague.

A criminal statute must be sufficiently explicit to enable a person of ordinary intelligence to ascertain with a fair degree of precision what it prohibits and what conduct on his part will render him liable to its penalties, or it will affront the constitutional guarantees of due process. But such a statute is not void for indefiniteness merely because it exacts the burden of rightly estimating a matter of degree, or because juries may differ in their judgments in cases brought under it on the same state of facts. *State v. Magaha,* 182 Md. 122, 125. See also *Ruark v. Engineers' Union,* 157 Md. 576, 583, *et seq.,* and *Glickfield v. State,* 203 Md. 400, 404. Section 509 clearly informs those who read it as to the type of articles that may be sold on Sunday in Anne Arundel County. We think that a person of ordinary intelligence could know with a fair degree of precision what he could or could not sell.

As the Supreme Court has noted, a statute is not to be condemned because there may be marginal cases in which it is difficult to determine the side of the line on which a particular fact situation falls. *United States v. Petrillo,* 332 U. S. 1, 7, 91 L. Ed. 1877 (there the statute, upheld against the defense of unconstitutional vagueness, made it a criminal offense to coerce a radio broadcaster to employ, or agree to employ, any persons in excess of the number needed to perform actual services). In *Boyce Motor Lines v. United States,* 342 U. S. 337, 339, 340, 96 L. Ed. 367, 370, 371, there was involved the regulation of the Interstate Commerce Commission, authorized by 18 U.S.C., Sec. 835, that required a driver of an interstate motor vehicle, transporting explosive or inflammable substances, to avoid "so far as practicable, and, where feasible, by prearrangement of routes, driving into or through congested thoroughfares, places where crowds are assembled, street car tracks, tunnels, viaducts, and dangerous crossings." The Supreme Court said, treating the regulation as a criminal statute: "* * * no more than a reasonable degree of certainty can be demanded. Nor is it unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line." In *Sproles v. Binford,* 286 U. S. 374, 393, 76 L. Ed. 1167, 1182, the

126

words in a criminal statute "shortest practicable route" were held not too vague to be unconstitutional.

The court should have directed verdicts for them, say five of the appellants. One sold a toy submarine and four sold staplers. It is argued that the submarine is "merchandise" and the staplers "accessories" that are "customarily sold at" a bathing beach. There was no error in refusing to direct the verdicts. It is not so clear that these articles are customarily sold at a bathing beach that the court could so rule as a matter of law. It was for the trier of fact to decide whether the submarine and the stapler had been excepted by the statute or not. *Callan v. State,* 156 Md. 459, 466, 467. There the accused was convicted of running an "opera house" on Sunday. He claimed reversible error in the refusal of the trial court to permit him to produce a witness to testify "as to what is an opera house" in support of his contention that his business, that of showing motion pictures, was not within the meaning of that term. This Court rejected that contention on the ground that what constituted an opera house was a question to be decided by the jury on the basis of "ordinary experience."

The judgments will be affirmed.

*Judgments affirmed, with costs.*