## MacLEOD *v.* CITY OF TAKOMA PARK

[No. 359, September Term, 1969.]

*Decided April 2, 1970.*

The cause was argued before HAMMOND, C. J., and MCWILLIAMS, SINGLEY, SMITH and DIGGES, JJ.

*Joseph E. Owens* and *Douglas R. Taylor* for appellant.

*John M. McInerney*, with whom were *James A. Sullivan* and *McInerney, Layne & McCormick* on the brief, for appellee.

SINGLEY, J., delivered the opinion of the Court.

The appellant, Frances R. MacLeod (the Property Owner), a resident of the District of Columbia, was the owner of improved property at 8108 Flower Avenue, Takoma Park, Maryland, which was damaged by fire on 20 March 1967. Officials of Takoma Park (the City) inspected the building, found it unsafe, and ordered it razed or barricaded. When the owner failed to comply, the City's Mayor and Council adopted ordinances condemning the building and directing that it be demolished. On 5 and 6 December 1967,[1] the building was razed by a contractor employed by the City. On 4 June 1969, the Property Owner brought suit in the Circuit Court for Montgomery County against the City, the wrecking contractor, and two members of the City's police force. The

---

1. There is an intimation that some work may have been done in early November.

first three counts of the declaration sounded in trespass against the City and the wrecking contractor; the fourth count, directed against the City and the two police officers, claimed damages for false imprisonment, and the fifth count alleged wrongful condemnation by the City. In each of the first four counts, the Property Owner alleged that she had given the City notice of her claim on 1 May 1968, which the parties stipulated was more than 90 days but not more than 180 days from the date of the alleged wrongs.

The City demurred to all counts of the declaration. From an order sustaining the City's demurrer without leave to amend, the Property Owner has appealed.

Maryland Code (1957, 1968 Repl. Vol.) Art. 57 § 18 (the Act)[2] codified Ch. 719 of the Laws of 1967, which became effective on 1 June 1967 and is here controlling:

> "§ 18. Notice required of claims against municipal corporations and certain counties.
>
> "(a) (1) No action shall be maintained and no claim shall be allowed against any municipal corporation or against any of the counties enumerated in this subsection for unliquidated damages for any injury or damage to person or property unless within the times specified in this section after the injury or damage was sustained, written notice thereof setting forth the time, place and cause of the alleged damage, loss, injury or death shall be presented either in person or by registered mail by the claimant, his agent or attorney, or in the case of death, by his executor or administrator, to the county commissioners, county council, the corporate authorities of the municipal corporation or the city solicitor of Baltimore City, as the case may be.
>
> "(2) The provisions of this subsection shall be applicable within Anne Arundel, Caroline,

---

2. The Act has been amended by Ch. 62 of the Laws of 1968 and Ch. 319 of the Laws of 1969, which respectively added Calvert County to § 18 (c) and Baltimore County to § 18 (b).

Cecil, Charles, Frederick, Harford, Kent, Montgomery, Prince George's, Queen Anne's, St. Mary's, Washington, Wicomico and Worcester counties.

"(b) In the following counties: Charles, Harford, Kent, Montgomery, Prince George's, Queen Anne's, Washington, Wicomico and Worcester the time within which such claim must be presented is one hundred and eighty (180) days.

"(c) In any municipal corporation and in the following counties: Anne Arundel, Caroline, Cecil, Frederick and St. Mary's, the time within which such claim must be presented is ninety (90) days."

The Property Owner contends that the court erred when it sustained the demurrer, because she reads the Act as meaning that she had 180 days to give notice of the alleged wrong. The court below (Levine, J.), in a careful opinion which traced the legislative history of the Act, concluded that the City was statutorily immune from suit because notice of the alleged injury had not been given within 90 days.

We agree with the lower court's interpretation of the Act. In actions against the counties of Baltimore, Charles, Harford, Kent, Montgomery, Prince George's, Queen Anne's, Washington, Wicomico and Worcester, written notice of a claim for unliquidated damages for injury or damage to person or property must be presented within 180 days. In actions against the counties of Anne Arundel, Calvert, Caroline, Cecil, Frederick and St. Mary's, and against any municipal corporation, regardless of whether the corporation is or is not located within any of the counties enumerated in § (a) (2) of the Act, notice of the claim must be given within 90 days. *Neuenschwander v. Washington Suburban Sanitary Comm'n,* 187 Md. 67, 48 A. 2d 593 (1946).

Nor would we be impressed by Property Owner's contention, raised for the first time in this Court, that the constitutionality of the Act is imperiled by vagueness and

uncertainty, even if the question were properly before us, Rule 885. Due process is violated only when a statute is so vague that persons of ordinary intelligence must necessarily guess at its meaning and differ as to its application. *State v. Cherry*, 224 Md. 144, 167 A. 2d 328 (1961) ; *McGowan v. Maryland*, 220 Md. 117, 124-26, 151 A. 2d 156 (1959) *aff'd*, 366 U. S. 420, 81 S. Ct. 1101, 6 L.Ed.2d 393 (1961) ; *Glickfield v. State*, 203 Md. 400, 404, 101 A. 2d 229 (1953).

The Property Owner's final contention is that the Act does not apply to the fifth count of her declaration which was grounded upon "inverse" or "reverse" condemnation, *i.e.*, to a taking of property in a manner other than by the power of eminent domain, citing 11 McQuillin, *Municipal Corporations* § 32.132 a (3d Ed. 1964) at 622. The short answer to this is that inverse condemnation is a concept adopted in a scattering of jurisdictions which, as the City points out, is invoked only when property is taken or damaged for public use. Such was not the case here.

> "There is a distinction between a destruction of property under the police power and its taking without due process of law or compensation. Its destruction in a proper case is due process of law even though compensation for it is not made. Thus, it has been said: 'The exercise of the police power by the destruction of property, which is itself a public nuisance, or the prohibition of its use in a particular way, whereby its value becomes depreciated, is very different from taking property for public use, or from depriving a person of his property without due process of law.' " 6 McQuillin, *supra*, (1969 Rev. Vol.) § 24.23 at 525, quoting *Mugler v. Kansas*, 123 U. S. 623, 669, 8 S. Ct. 273, 31 L. Ed. 205 (1887).

See also, Code, Art. 23 A § 2 (12) and (15) and compare *Burns v. Mayor & C. C. of Midland*, 247 Md. 548, 553, 234 A. 2d 162 (1968) and *Board of Health v. Crew,*

212 Md. 229, 234-35, 129 A. 2d 115 (1957) with *Jarvis v. Mayor & C. C. of Baltimore,* 248 Md. 528, 237 A. 2d 446 (1968).

Since the Property Owner elected to proceed against the City in tort, claiming $25,000 in compensatory damages and $25,000 in punitive and exemplary damages in her declaration, the fifth count sought unliquidated damages and fell clearly within the notice requirements of the Act. *Cf. Hunter v. City of Mobile,* 244 Ala. 318, 13 So. 2d 656 (1943).

> *Order affirmed, costs to be*
> *paid by appellant.*