## NORMA C. WALLER *v.* STATE OF MARYLAND

[No. 275, September Term, 1971.]

*Decided December 15, 1971.*

The cause was argued before ORTH, POWERS and GIL-BERT, JJ.

*Weldon Leroy Maddox* for appellant.

*Josef E. Rosenblatt, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Milton B. Allen, State's Attorney for Baltimore City,* and *David Simonson, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

POWERS, J., delivered the opinion of the Court.

Norma C. Waller, appellant, questions the facial constitutionality of Section 286 (a) (1) of Article 27 of the Annotated Code of Maryland, enacted as a part of Chapter 403, Laws of Maryland, 1970. The pertinent part reads as follows:

> "286. (a) Except as authorized by this subheading, it shall be unlawful for any person:
>  (1) To manufacture, distribute, or dispense, or to possess a controlled dangerous substance in sufficient quantity to reasonably indicate under all circumstances an intent to manufacture, distribute, or dispense, a controlled dangerous substance;
>  * * * *"

Appellant contends that the section is "unconstitutional and invalid because it is too vague and indefinite, in that it does not 'set forth a reasonably ascertainable standard of guilt' and is not 'sufficiently explicit to enable a person of ordinary intelligence to ascertain with a fair degree of precision what acts it intends to prohibit, and therefore what conduct on his part will render him liable to its penalties'." She argues that the vagueness and uncertainty arise from the failure of the legislature to designate a specific quantity of the controlled dangerous substance which would show the requisite intent, and its failure to establish guidelines to determine the meaning to be given to the phrase "under all circumstances". She says that such vagueness and uncertainty make

her prosecution under that statute a denial of the due process of law which is guaranteed to her by the Fourteenth Amendment.

Before we consider whether the prosecution of appellant for violation of the statute denies her constitutional right to due process of law, we must determine the meaning of the words used in the statute.

We hold that the legislature, in using the words "in sufficient quantity to reasonably indicate under all circumstances an intent", meant no more and no less than *with intent,* as that phrase is well known in the law.[1]

Many common law and statutory crimes in Maryland are defined as the doing of a certain act *with intent* to do a certain other act. This element of intent, so common in our criminal law, is seldom proved directly, but is more often found by drawing inferences from facts proved which reasonably indicate under all the circumstances the existence of the required intent. In *Yopps v. State,* 234 Md. 216, 198 A. 2d 264, the Court of Appeals said, at pages 220-221:

> "Finding the requisite intent to steal is, of course, never a precise process for intent is subjective, and it must therefore be inferred from the circumstances of the case if it is found at all."

See also *Putinski v. State,* 223 Md. 1, 161 A. 2d 117.

This Court has several times had occasion to point out that intent is usually determined by inference, rather than by direct proof. In *Wiggins v. State,* 8 Md. App. 598, 261 A. 2d 503, we said at page 609:

> "In short, the finding of the requisite intent

---

1. In *Chaplinsky v. New Hampshire,* 315 U. S. 568, and a number of other cases, when the constitutionality of a state penal statute has been before it, the Supreme Court has considered the statute as construed by the state courts. In *The Void-For-Vagueness Doctrine In The Supreme Court,* 109 Pa. L. Rev. 67 (1960) the author says: "Yet the Supreme Court, in passing on these penal statutes, has invariably allowed them the benefit of whatever clarifying gloss state courts may have added in the course of litigation of the very case at bar."

was a matter for the trier of fact. See *Szewczyk v. State,* 7 Md. App. 597, 601. Intent to steal is subjective; it need not be directly and objectively demonstrated but may be inferred from a totality of the circumstances. *Johnson v. State,* 5 Md. App. 540, 545; *Moore v. State,* 3 Md. App. 676, 679."

We now consider whether the statute, meaning what we have said it means, is void for vagueness. It is significant that the statute here involved is not aimed at any constitutionally protected conduct or activity, *Coates v. City of Cincinnati,* 402 U. S. 611, 29 L.Ed.2d 214, 91 S. Ct. 1686, 9 CrL 3181, nor is it contended to be overbroad in this respect.

A statute should be construed whenever possible so as to uphold its constitutionality. In *Miedzinski v. Landman,* 218 Md. 3, 145 A. 2d 220, *appeal dismissed,* 358 U. S. 644, the Court of Appeals had before it a question of the validity of a statute designed to prohibit gambling on a vessel, pier or other structure in Maryland waters off the Virginia shore of the Potomac River. A contention in that declaratory judgment case that the statute was void for vagueness was rejected by the Court as follows:

"The appellees contend that the language of the Act is so vague and uncertain as to violate the Fourteenth Amendment. We find it unnecessary in this case to resolve all the fancied ambiguities in the Act. 'We have repeatedly held that the general rule of the construction of a statute is that every presumption favors its validity and reasonable doubt is enough to sustain. This Court is very reluctant to defeat the will of the Legislature by declaring its legislation void, if, by any construction, it can possibly be maintained.' *Hellmann v. Collier,* 217 Md. 93, 95. This is particularly true where, as here, the

attack is general and not centered upon the application of the Act to an individual charged with a specified criminal act that might call for construction under the facts presented. We think the words of the statute fix an ascertainable standard of guilt and are not so vague as to leave a person of ordinary intelligence in doubt as to the nature of the acts condemned. Cf. *Glickfield v. State,* 203 Md. 400, and *Blake v. State,* 210 Md. 459." At page 11.

In a criminal case decided in 1943, *State v. Magaha,* 182 Md. 122, 32 A. 2d 477, the Court of Appeals considered a traffic ordinance of Baltimore requiring any person using any street to exercise "all reasonable care to avoid or prevent injury through collision with all other persons and vehicles." In reversing the order of the trial court quashing an indictment which charged violation of the ordinance, the Court said, at page 125:

"The Criminal Court considered the section unconstitutional on account of failure to fix an ascertainable standard of guilt. It is an established doctrine of constitutional law that a penal statute creating a new offense must set forth a reasonably ascertainable standard of guilt and must be sufficiently explicit to enable a person of ordinary intelligence to ascertain with a fair degree of precision what acts it intends to prohibit, and therefore what conduct on his part will render him liable to its penalties. A statute which either commands or forbids the doing of an act in terms so vague that persons of ordinary intelligence must necessarily guess at its meaning and differ as to its application violates the constitutional guarantee of due process of law. (*Citations omitted*) But it is well settled that a penal statute or ordinance should not be held void merely because juries may differ

in their judgments in cases brought thereunder on the same state of facts."

See also *State v. Cherry*, 224 Md. 144, 167 A. 2d 328, *Beauchamp v. Somerset County*, 256 Md. 541, 261 A. 2d 461, and *MacLeod v. City of Takoma Park*, 257 Md. 477, 263 A. 2d 581.

This Court has recently considered contentions that a statute is unconstitutional under the due process clause because of vagueness in *Lashley v. State*, 10 Md. App. 136, 268 A. 2d 502, *Anderson v. State*, 12 Md. App. 186, 278 A. 2d 439, and *Kirstel v. State*, 13 Md. App. 482, 284 A. 2d 12.

On June 1, 1971 the Supreme Court of the United States reversed convictions below in the case of *Coates v. City of Cincinnati, supra*. The Supreme Court of Ohio had affirmed appellants' convictions of violating a city ordinance which made it a criminal offense for "three or more persons to assemble * * * on any of the sidewalks * * * and there conduct themselves in a manner annoying to persons passing by". The opinion of the Court, written by Mr. Justice Stewart said:

> "The record brought before the reviewing courts tells us no more than that the appellant Coates was a student involved in a demonstration and the other appellants were pickets involved in a labor dispute. For throughout this litigation it has been the appellants' position that the ordinance on its face violates the First and Fourteenth Amendments of the Constitution."

After pointing out that the Ohio Supreme Court did not give the ordinance any construction at variance with the apparent plain import of its language,[2] the Supreme Court said:

> "We are thus relegated, at best, to the words of the ordinance itself. If three or more people

2. See footnote 1.

meet together on a sidewalk or street corner, they must conduct themselves so as not to annoy any police officer or other person who should happen to pass by. In our opinion this ordinance is unconstitutionally vague because it subjects the exercise of the right of assembly to an unascertainable standard, and unconstitutionally broad because it authorizes the punishment of constitutionally protected conduct.

"Conduct that annoys some people does not annoy others. Thus, the ordinance is vague not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all. As a result, 'men of common intelligence must necessarily guess at its meaning.' *Connally v. General Construction Co.*, 269 U. S. 385, 391.

"It is said that the ordinance is broad enough to encompass many types of conduct clearly within the city's constitutional power to prohibit. And so, indeed, it is. The city is free to prevent people from blocking sidewalks, obstructing traffic, littering streets, committing assaults, or engaging in countless other forms of anti-social conduct. It can do so through the enactment and enforcement of ordinances directed with reasonable specificity toward the conduct to be prohibited."

\* \* \*

"But the vice of the ordinance lies not alone in its violation of the due process standard of vagueness. The ordinance also violates the constitutional right of free assembly and association. Our decisions establish that mere public intolerance or animosity cannot be the basis for abridgment of these constitutional freedoms."

We repeat and adopt, as fully applicable to the present

case, a portion of what we quoted above from *Miedzinski v. Landman, supra:*

> "We think the words of the statute fix an ascertainable standard of guilt and are not so vague as to leave a person of ordinary intelligence in doubt as to the nature of the acts condemned."

It follows that the statute in question meets the Fourteenth Amendment requirement of due process, and we hold it to be constitutional.

Appellant and a codefendant were jointly indicted by the grand jury of the City of Baltimore, which charged that on July 6, 1970 [3] they "unlawfully did POSSESS a certain Controlled Dangerous Substance of Schedule I, to wit: Marihuana, which is not a Narcotic Drug, in sufficient quantity to reasonably indicate under all the circumstances an INTENT to Manufacture and Distribute such Controlled Dangerous Substance".

Among pretrial motions filed by appellant and her codefendant was a motion to dismiss the indictment on the ground (among others) that the statute upon which the charge was based was unconstitutionally vague. Trial was scheduled before Judge Charles D. Harris on March 19, 1971. The motion was argued preliminarily, and was denied. Each defendant then tendered a plea of guilty. After ascertaining that the pleas were knowingly and intelligently made, Judge Harris said:

> "And, also, you would have a right to appeal from any sentence which would be imposed. Your appeal necessarily would be limited to the question of the jurisdiction of the court and the question of whether or not the sentences imposed constituted unconstitutional punishment, that is, cruel and unusual punishment. Do you understand that?"

Each defendant answered in the affirmative.

---

3. Chapter 403, Laws of Maryland, 1970, under which they were indicted, became effective on July 1, 1970.

At that point a factual basis for the pleas was put in the record in the form of an agreed statement by David Simonson, Esq., Assistant State's Attorney. The statement concluded with a description of the arrest of the defendants on July 6, 1970, as Mrs. Waller emerged from a post office in Baltimore with a package containing 1,903.5 grams of hashish, or marijuana, which she had mailed to herself from abroad.

The court accepted the pleas of guilty, found the defendants guilty, and imposed sentences. Mrs. Waller appealed.

Appellant's plea of guilty was a conviction of the highest order. It waived all defenses she may have had, even constitutional ones, except lack of jurisdiction of the court to try her for the offense charged.

In *Cohen v. State,* 235 Md. 62, 200 A. 2d 368, *certiorari denied,* 379 U. S. 844, the Court of Appeals said, at page 69:

> "Maryland has long recognized that when a person pleads guilty, the judgment entered on the plea cannot ordinarily be reviewed on appeal if the plea was made freely and voluntarily with full understanding of its nature and effect, and the judgment properly entered. *Lowe v. State,* 111 Md. 1, 73 Atl. 637 (1909) ; *Biles, Jr. v. State,* 230 Md. 537, 187 A. 2d 850 (1963). This Court has stated that the effect of a plea of guilty is to waive proof of any facts alleged in the indictment, but not objection to the indictment on the ground that the facts alleged did not constitute an indictable offense, nor objections relating to the jurisdiction of the court to try the defendant."

We said in *Fix v. State,* 5 Md. App. 703, 249 A. 2d 224, where the appeal was taken from a judgment of conviction and sentence after a guilty plea:

> "He attacks his plea of guilty and claims that

he was denied a speedy trial. But if the plea of guilty was freely and intelligently made, the right to a speedy trial, if such was denied the appellant, was waived thereby as such a plea is a conviction of the highest order and waives all procedural objections, constitutional or otherwise, and non-jurisdictional defects." At page 705.

Assuming that the trial court would not have jurisdiction to try the appellant on a charge that she violated an unconstitutional statute, we have considered and ruled upon the constitutionality of the statute. Aside from jurisdiction, any other questions raised below were waived by the plea, and are not before us.

*Judgment affirmed.*
*Appellant to pay costs.*
*Mandate to issue forthwith.*