STATE OF MARYLAND *v.* CHARLES JAMES BEERS

[No. 612, September Term, 1973.]

*Decided April 19, 1974.*

The cause was argued before ORTH, C. J., and POWERS and DAVIDSON, JJ.

*David B. Allen, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Samuel A. Green, State's Attorney for Baltimore County,* and *John A. Austin, Assistant State's Attorney for Baltimore County,* on the brief, for appellant.

*Robert N. Dugan,* with whom was *Russell J. White* on the brief, for appellee.

POWERS, J., delivered the opinion of the Court.

An indictment filed by the grand jury in Baltimore County charged Charles James Beers with 14 counts of violating, on 25 September 1972, the laws relating to controlled dangerous substances. The indictment also charged him with carrying a concealed dangerous and deadly weapon, and with being a rogue and vagabond.

A motion by Beers to dismiss counts one, three, five, and seven, because they were duplicitous, was granted by Judge Maguire in the Circuit Court for Baltimore County. The State appealed.

Each of the counts which the court dismissed charged that Beers

> " * * * unlawfully did possess a controlled dangerous substance * * * in sufficient quantity to reasonably indicate under all circumstances an intent to manufacture, distribute or dispense a controlled dangerous substance * * *."

Each of the four counts charged possession of a different substance.

The statute alleged to have been violated is Code, Art. 27, § 286 (a) (1), which reads:

"(a) Except as authorized by this subheading, it shall be unlawful for any person:

(1) To manufacture, distribute, or dispense,[1] or to possess a controlled dangerous substance in sufficient quantity to reasonably indicate under all circumstances an intent to manufacture, distribute, or dispense, a controlled dangerous substance; * * * ."

The State contends that § 286 (a) (1) defines four crimes, by making it unlawful to:

1. Manufacture, or
2. Distribute, or
3. Dispense, or
4. Possess with intent to manufacture, distribute, or dispense —

a controlled dangerous substance.

On the other hand, the appellee contends that the subsection defines six separate crimes; that three of them are crimes of possession; and that an indictment which charges all three crimes of possession in the disjunctive rather than in the conjunctive is duplicitous, and bad in substance.

We hold that the possession of a controlled dangerous substance proscribed by § 286 (a) (1) is a single crime, and may be shown by evidence of possession in a quantity and under circumstances sufficient to support an inference of an intent to manufacture, or to distribute, or to dispense,[2] the controlled dangerous substance. *Waller v. State*, 13 Md. App. 615, 284 A. 2d 446 (1971), *cert. denied*, 264 Md. 752 (1972). In *Killie v. State*, 14 Md. App. 465, 287 A. 2d 310 (1972), *cert. denied*, 265 Md. 740 (1972), we said, at 475-76:

"The qualifying phrase setting out the additional

---

1. While the question is not directly involved here, it appears that the attempt to make it unlawful to "dispense" a controlled dangerous substance is nugatory. By definition, § 277 (k), to "dispense" a controlled dangerous substance is a lawful act. An act defined as lawful ca.. 1ot at the same time be unlawful.

2. See Note 1.

element that the controlled dangerous substance shall be 'in sufficient quantity to reasonably indicate . . . ' modifies only the act of possessing and not the subsection's alternatively proscribed acts of manufacturing, distributing, or dispensing."

But holding that the possession made unlawful by the statute is but one crime, and not three crimes, does not answer the question we must decide. That question is:

When a statute creates an offense and specifies several different intents, one or more of which must be shown to be present as an element of the offense, and more than one intent is charged, may the several intents be charged in the disjunctive or must they be charged in the conjunctive?

There is no need for us to repeat here the general discussion of duplicity in indictments or other charging documents, fully covered by Chief Judge Orth for this Court in *Ayre v. State,* 21 Md. App. 61, 318 A. 2d 828 (1974). We pointed out that the rule, as stated in numerous earlier cases, was expressed in *Morrissey v. State,* 9 Md. App. 470, 265 A. 2d 585 (1970), as follows, at 476:

"While the rule is that an indictment or information should not charge the commission of two or more substantive offenses in the same count, it is not objectionable to charge in one count several related acts which enter into and constitute one offense, although when separately considered they may be distinct offenses."

These two rules concerning duplicity are clearly stated in *Ayre v. State, supra:*

1. "It is firmly established that only one offense may be charged in a single count. In other words, an indictment charging two or more substantive offenses in the same count is objectionable as being duplicitous."

2. "When a statute creates an offense and

specifies several different acts, transactions, or means by which it may be committed, an indictment for violation thereof may properly allege the offense in one count by charging the accused in conjunctive terms with doing any or all of the acts, transactions, or means specified in the statute."

Neither of the two rules applies precisely to the present case, but we think the second rule compels the conclusion here. Whether the prohibitory/disjunctive — accusatory/conjunctive rule be thought to rest upon too technical a view, it has been firmly entrenched in our law for almost 80 years. In *Stearns v. State,* 81 Md. 341, 32 A. 282 (1895), the Court of Appeals said, at 345:

"Now, it is well established that certainty to a reasonable extent is an essential requirement of criminal pleading where conviction is followed by penal consequences. One of its objects is notice to the party of the nature of the charge, so as to enable him to defend against a second prosecution of the same crime by pleading a former acquittal or conviction. The certainty required in an indictment, says Mr. Bishop in his work on Criminal Procedure, depends often upon properly choosing between 'and' and 'or' as the conjunction, and he lays down the rule that whenever the conjunction 'or' would leave it uncertain which of two things it meant, it is inadmissible, and in its stead 'and' may be employed."

We see no logical reason to require conjunctive allegation of the several means by which a crime is committed, as stated in *Ayre v. State, supra,* and the numerous authorities there cited, but to permit disjunctive allegation of the several intents with which it may be committed, as in the case before us.

Accordingly we hold that when one or more of several intents must be present as an element of an offense, and the count charges more than one intent, the several intents must

be charged in the conjunctive. If more than one intent is charged in the disjunctive the count is bad for duplicity. The defect is substantive, and may not be cured by amendment. *Bonneville v. State*, 206 Md. 302, 111 A. 2d 669 (1955), at 310.

Our holding is entirely consistent with the reasons given by the Court of Appeals for its ruling in *Bonneville v. State, supra*, where it said, at 310-11:

> "Two reasons are given for the rule requiring the use of the conjunctive where two or more acts prohibited disjunctively by a statute are alleged in one count. The first is that the defendant is entitled to be informed with certainty of the offense with which he is charged; the second is that he should be enabled to show, in the event of a subsequent prosecution, that he has previously been convicted or acquitted of the same offense."

The ruling of the court dismissing counts one, three, five, and seven of the indictment was correct, and we shall affirm it. We emphasize, however, as Judge Maguire said in his memorandum granting the motion to dismiss, that nothing will prevent the return of indictments against Beers in proper form. We point out too, as we did in *Morrissey, supra*, at 474, that the right to move to dismiss on the ground involved here is waived unless the motion is made before trial. Maryland Rule 725 b.

*Order granting motion to dismiss counts 1, 3, 5 and 7 of indictment 45415 affirmed.*

*Case remanded for further proceedings.*

*Costs to be paid by Baltimore County.*