644

539 A.2d 1142

**Granville Thomas ROSE**

v.

**STATE of Maryland.**

**No. 1065, Sept. Term, 1987.**

Court of Special Appeals of Maryland.

April 11, 1988.

Certiorari Denied June 27, 1988.

Mark Colvin, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellant.

Norman L. Smith, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, John L. Scarborough, State's Atty., and David H. Parrack, Asst. State's Atty. for Cecil County, on the brief, Westminster), for appellee.

Submitted before WILNER, KARWACKI and WENNER, JJ.

WENNER, Judge.

Appellant, Granville Thomas Rose, was convicted by a jury in the Circuit Court for Cecil County (Rollins, J. presiding) of unlawfully bringing into Maryland 100 pounds or greater of marijuana (Count I), possession of marijuana in sufficient quantity to reasonably indicate under all circumstances an intent to distribute (Count II), and knowingly transporting a handgun in a vehicle (Count IV). He was sentenced to fifteen years imprisonment for Count I, five years imprisonment for Count II, concurrent with Count I and three years imprisonment for Count IV, also concurrent with Count I. Upon appeal he contends that:

I. The evidence was insufficient to sustain his conviction for unlawfully bringing into Maryland 100 pounds or greater of marijuana.

II. The trial judge erred in refusing to instruct the jury that the crime of unlawfully bringing into Maryland 100 pounds or greater of marijuana requires an intent to distribute in Maryland.

III. Separate convictions and sentences for both unlawfully bringing into Maryland 100 pounds or greater of marijuana and possession of marijuana in sufficient quantity to reasonably indicate under all circumstances an intent to distribute are improper.

IV. The commitment record erroneously states that the sentence imposed upon appellant for unlawfully transporting a handgun in a vehicle is five years imprisonment.

We shall affirm the convictions, but remand the case to the circuit court so that the record can be amended to correct the error in the commitment for the handgun violation.

## FACTS

On the afternoon of August 5, 1986 Trooper Jeffrey Buehler of the Maryland State Police was patrolling north-

bound on I–95 in Cecil County when he observed a car with a Connecticut license plate drifting from one lane to another. Concerned that the driver might have been falling asleep, Buehler stopped the car and, as he approached the driver's side of the car, detected a strong odor of marijuana. After appellant provided Buehler with a Florida license and the car's registration, Buehler advised appellant that he would be receiving a warning for failing to drive within a single lane and obtained from appellant written consent to search the car. In the glove compartment Buehler found a loaded nine millimeter automatic handgun and gun case and receipts showing that the gun and ammunition had been purchased by appellant from a pawnbroker in Miami, Florida, on July 21, 1986 and that the gun case had been purchased from the same pawnbroker on July 24, 1986. At that point, appellant was arrested and frisked. In his shirt pocket were 5.8 grams of marijuana and a package of rolling papers. Buehler continued his search of the car and in the trunk found a bag of dirty laundry and two cardboard boxes and four plastic bags containing a total of 235 pounds of fresh, apparently recently cut marijuana.

Appellant was taken to the State Police barracks where he was advised of his *Miranda*[1] rights and made a statement. Appellant said that he had purchased the gun in Miami because he is a taxi driver in Connecticut and needed the gun for protection. He also said that while in Connecticut he was hired by a person to drive a vehicle from the Washington area to Connecticut. Appellant was to travel by train to the Washington area on August 5, 1986, pick up the vehicle near the train station, and drive it to Hartford, Connecticut. On arrival in Hartford, he was to leave the vehicle on a certain road next to a blue and grey house, and leave the keys under the floormat. Appellant said that an envelope containing the keys to the vehicle and the instructions had been left in his mailbox at his Connecticut ad-

---

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

dress, and that he was paid $500 for his services. Appellant also said that the bag of laundry was his and that he did not notice or smell the marijuana when he put the laundry into the trunk.

## I.

Appellant was charged with a violation of Md.Ann.Code art. 27, § 286A(a)(1) (1987 Repl.Vol.) which specifically provides: "(a) A person who brings into this State, any of the following controlled dangerous substances which it is unlawful for that person to possess, in the amounts indicated, upon conviction, is subject to the penalty provided in subsection (b) of this section: (1) 100 pounds or greater of marijuana...." Thus, in order to convict appellant the state was required to prove beyond a reasonable doubt that (1) he brought into the State, (2) 100 pounds or greater of marijuana.

When reviewing a claim that the evidence is insufficient to sustain a conviction, we are required to determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis in original.) *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Tichnell v. State,* 287 Md. 695, 717, 415 A.2d 830 (1980). We have reviewed the evidence produced by the State, which we have recounted above, in the light of that standard and hold that it was sufficient to sustain appellant's conviction. We think that the trier of fact could have concluded that appellant was transporting the drugs from Florida to Connecticut, or had picked up the car, with the marijuana in its trunk, at Union Station in the District of Columbia, and driven it into Maryland along I–95 until he was stopped in Cecil County by the Maryland State Police.

## II.

Appellant next contends that the trial judge erred in failing to instruct the jury that, in order to convict appellant

under § 286A(a)(1), it must find an intent to distribute the marijuana in Maryland. It is obvious from its clear wording that § 286A(a)(1), *see* I., *supra*, contains no such requirement. There was no error.

## III.

▉ Appellant was also convicted of possession of marijuana in sufficient quantity reasonably to indicate under all circumstances an intent to distribute. He contends that separate convictions and sentences for bringing 100 pounds or greater of marijuana into the State and possession of marijuana with intent to distribute are improper.

In Maryland, the test for determining whether two offenses are the same for double jeopardy purposes is the "required evidence test".

The required evidence test is that which is minimally necessary to secure a conviction for each statutory offense. If each offense requires proof of a fact which the other does not, or in other words, if each offense contains an element which the other does not, the offenses are not the same for double jeopardy purposes even though arising from the same conduct or episode.

*Dillsworth v. State*, 308 Md. 354, 357, 519 A.2d 1269 (1987) (quoting *Brooks v. State*, 284 Md. 416, 420, 397 A.2d 596 (1979)).

Violation of § 286A(a)(1) requires bringing 100 pounds or greater of the proscribed drug into Maryland but requires no intent to distribute. Violation of § 286(a)(1) requires an intent to distribute the proscribed drug, *see Waller v. State*, 13 Md.App. 615, 618, 284 A.2d 446 (1971), *cert. denied*, 264 Md. 752 (1972), but does not require bringing it into Maryland. Hence, the two crimes are not the same for double jeopardy purposes.

Nor is the "rule of lenity" applicable to the case *sub judice* because there is no ambiguity as to the legislative intent regarding the two statutes. *Dillsworth*, 308 Md. at 365, 519 A.2d 1269 (citing *Albernaz v. United States*, 450

**650**

U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981)). We hold that appellant was properly convicted and sentenced under both statutes.

## IV.

■ Appellant was convicted of unlawfully transporting a handgun in violation of Md.Ann.Code art. 27, § 36B(b) (1987 Repl.Vol.), for which, according to the transcript, he was sentenced to three years imprisonment. The commitment record filed pursuant to Md.Rule 4–351, however, indicates that appellant was sentenced for that conviction to "five (5) years" concurrent with the sentence imposed for the conviction for bringing into Maryland 100 pounds or greater of marijuana. Not only is the commitment inconsistent with the sentence actually imposed, a sentence of five years exceeds the statutory limit for a first conviction (which the record discloses appellant's was) under the statute. § 36B(b)(i). Accordingly, we direct the Circuit Court for Cecil County to correct the commitment to reflect the sentence actually imposed for the handgun conviction.

JUDGMENTS AFFIRMED;

COSTS TO BE PAID BY APPELLANT.