MASTERS-JERSEY, INC., GREAT EASTERN MILLS, INC., AND RAMSEY DEPARTMENT STORES, INC., ALL CORPORATIONS OF THE STATE OF NEW JERSEY, PLAINTIFFS-APPELLANTS, v. MAYOR AND GENERAL COUNCIL OF THE BOROUGH OF PARAMUS, DEFENDANTS-RESPONDENTS.

Argued March 21, 1960—Decided May 9, 1960.

*Mr. Edward H. Saltzman* argued the cause for plaintiffs-appellants.

*Mr. Guy W. Calissi* argued the cause for defendants-respondents.

The opinion of the court was delivered by

WEINTRAUB, C. J. The complaint charges the Sunday closing ordinance of the Borough of Paramus is unconstitutional and seeks a restraint against its enforcement. The trial court entered judgment for defendants. We certified plaintiffs' appeal on our motion before the Appellate Division acted upon it.

Plaintiffs operate discount department stores on Route 4 and Route 17 in Paramus. The ordinance in question became effective November 10, 1957. The complaint was filed six days later. We gather that plaintiffs abided by the ordinance until the effective date of *Chapter* 138 of the *Laws of* 1958, when they resumed operations on the thesis that the state act superseded the borough's ordinance. They closed again when local officials took a contrary view. The events last described occurred after the suit was instituted but the issues revolving about them were added by supplemental pretrial order.

The views we here express are confined to the precise issues raised.

## I.

 At the time of the adoption of the ordinance, the state Sunday law, *N. J. S.* 2*A*:171–1 *et seq.*, was barren of penalties and constituted, as was found in *State v. Fair Lawn Service Center, Inc.*, 20 *N. J.* 468 (1956), a mere declaration of state policy. The statute however operated to prevent a municipality from adopting an ordinance violative of its policy under the general principle that powers delegated to local government may not be exercised in conflict with state law. *Auto-Rite Supply Co. v. Woodbridge Twp.*, 25 *N. J.* 188 (1957); *Hertz Washmobile System v. South Orange*, 25 *N. J.* 207 (1957).

 The decisions last cited were announced a few weeks before the effective date of the ordinance here challenged. The ordinance squares fully with the terms of *N. J. S.* 2*A*:171–1 *et seq.*, and hence is not vulnerable to the attack which succeeded in those cases. Plaintiffs nonetheless say that so much of the opinions in those cases as indicated municipalities could legislate on the subject if they conformed to the state law was *dictum* and unsound. As we understand it, they contend the state statute just cited foreclosed local legislation even though an ordinance fully conformed with its policy on the ground that the imposition of penalties by one municipality and not by another denies equal protection of the law. Perhaps the challenge embraces as well the further proposition that Sunday closing is inherently a matter for state action alone and hence power to deal with it may not be delegated to local government. Those issues were fully discussed and resolved against plaintiffs in our recent decision in *Two Guys From Harrison, Inc. v. Furman*, 32 *N. J.* 199 (1960). We there reiterated: (1) the police power delegated to municipalities (*R. S.* 40:48–2) does and constitutionally may embrace authority to legislate on this subject; (2) *N. J. S.* 2*A*:171–1 *et seq.* affected municipal power only by way of limiting its exercise to ordinances which did not conflict with the state law;

and (3) the circumstance that a municipality chooses to exert its police power while neighboring municipalities remain inert is the inevitable consequence of home rule and does not result in a denial of equal protection of the law.

## II.

It is next urged that equal protection is denied in another aspect, to wit, that some activities are permitted by the ordinance while others are not, despite the absence of a rational difference between them.

The ordinance incorporates the exact provisions of *N. J. S.* 2*A*:171–1 that no worldly employment or business except works of necessity and charity shall be performed or practiced on Sunday. The ordinance further excludes from the ban, as does *N. J. S.* 2*A*:171–2, the preparation and sale of drugs, meals, prepared food, non-alcoholic beverages, and alcoholic beverages subject to regulation under *Title* 33 of the *Revised Statutes.* By virtue of the voters' decision at a referendum held under *N. J. S.* 2*A*:171–6 *et seq.,* the ordinance does not proscribe the right to (a) print, publish and sell newspapers, (b) sell and deliver milk, (c) walk, ride or drive for recreation, (d) hire conveyances for riding and driving or (e) engage or take part in any form of recreation, sport or amusement that is not unlawful on other days of the week if in so doing such person does not disturb others in their observance of Sunday.

In their brief plaintiffs say "The exception of 'works of necessity and charity' contained in *N. J. S.* 2*A*:171–1 is not under attack. We concede this exceptive classification is reasonable and just and not arbitrary or unjust." They then point to some of the activities expressly excluded and contrast them with other activities which they assume are barred, and in that way an invidious classification is claimed. In so doing, plaintiffs assume the items they select for contrast would not be held to be necessities within the meaning of the ordinance. For example, they surmise the

employment of a cook at one's home would be held to be unnecessary and accordingly it is arbitrary to differentiate between her work and the work of the cook in a restaurant. A sufficient answer for the moment is that legislation will be so construed as to sustain its validity and hence "necessity" as used in the ordinance will receive an interpretation which will avoid a fatal weakness if there be one. In similar vein, plaintiffs ask how if the sale and delivery of newspapers further the legislative objective the sale and delivery of magazines would not, and why it is lawful to sell and deliver milk but not bread. The answer again is that the legislative body spelled out what it affirmatively found to be necessities to foreclose any dispute about it, and if that specification would lead to constitutional infirmity unless indistinguishable items are also vendable, the word "necessity" will be construed to include them. And with respect to the remaining situation propounded by plaintiffs, to wit, the employment of people in connection with recreational activities, it is clear as pointed out in *Two Guys From Harrison, Inc.* that recreation may be permitted (indeed a police power issue may arise if all such activities are prohibited) and hence it must follow that employments they require are reasonably excluded from the ban. We fail to find on the face of the ordinance (no pertinent proof whatever is before us) that the classification of what is permitted and prohibited is arbitrary. The constitutional challenge must therefore fail on the record of this case.

## III.

The remaining question is whether the ordinance fell upon the later enactment of *Chapter* 138 of the *Laws of* 1958. That act was held invalid in *Sarner v. Township of Union*, 55 *N. J. Super.* 523 (*Law Div.* 1959) and no appeal was prosecuted. That statute in any event was replaced

by *Chapter* 119 of the *Laws of* 1959. Plaintiffs press the same claim upon the basis of *Chapter* 119 and we think it fair to them and in the public interest to accept the issue as thus revised.

Plaintiffs urge *Chapter* 119 repealed *N. J. S.* 2A:171–1 *et seq.*, by implication. We have since the argument of this case held that *Chapter* 119 did so repeal the policy of the prior statute in the terms stated in *Two Guys From Harrison, Inc., supra*. But the repeal did not vitiate the ordinance. As we have already said, that statute was not the source of municipal power to act but rather served to constrain municipalities to adhere to its terms if they chose to legislate. Paramus followed precisely this course in exercising the police power it received under *R. S.* 40:48–2. The repeal of the restraining state law accordingly did not undercut the ordinance.

Finally plaintiffs say the ordinance conflicts with the policy of *Chapter* 119 because *Chapter* 119 permits whatever conduct it does not denounce. The premise is unsound. *Chapter* 119 does not affirmatively authorize the continuance of activities beyond its scope. Although, as we pointed out in *Two Guys From Harrison, Inc.*, the Legislature in adopting that statute contemplated that citizen activities beyond the statute's interdiction will continue unscathed *insofar as state legislation is concerned*, yet there is no evidence of a purpose to bar local government from dealing with an evil it may reasonably find to warrant local attention. A municipality may not authorize what the state statute prohibits in any county in which the statute operates, but *Chapter* 119 does not prevent the municipality from proscribing other activities if there is an evil justifying the exercise of its delegated police power.

Hence the ordinance survives the specific constitutional challenges pressed in this case. The judgment is accordingly affirmed.

FRANCIS, J., concurring in result.

*For affirmance*—Chief Justice WEINTRAUB, and Justices BURLING, JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—7.

*For reversal*—None.