199 N.J. Super. 483 (1985)
489 A.2d 1225
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
CHANNEL HOME CENTERS, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted February 5, 1985.
Decided March 18, 1985.
*484 Before Judges PRESSLER, BRODY and COHEN.
Larry J. McClure, Bergen County Prosecutor, attorney for appellant (Susan W. Sciacca, Assistant County Prosecutor, of counsel and on the letter brief).
Beattie, Padovano & Breslin, attorneys for respondent (Roger W. Breslin, Jr., on the letter brief).
The opinion of the court was delivered by RICHARD S. COHEN, J.A.D.
Defendant was convicted after pleading guilty to five charges of making Sunday sales prohibited by the Sunday Closing Law. N.J.S.A. 2A:171-5.8. The five sales took place within 22 minutes on January 22, 1984 and totalled $71.45. On each conviction, the Elmwood Park Municipal Court imposed a fine of $3,000, costs of $15 and a Violent Crimes Compensation Board assessment of $25, for a total imposition of $15,200. There was an additional complaint charging that defendant maintained a nuisance on January 22 in violation of N.J.S.A. 2A:171-5.9. That section provides that, upon four convictions for Sunday Closing Law violations, the premises on which the violations occurred shall be deemed a nuisance. The court found defendant guilty after it stipulated not only the five January 22 violations but also more than four convictions on prior dates. As a penalty for maintaining the nuisance, the municipal court *485 ordered defendant to close its store completely every Sunday for one year.
Defendant appealed to the Law Division. It argued that there was no statutory authority for the one year Sunday closure order. The court agreed. It noted that N.J.S.A. 2A:130-5, which permitted premises housing a nuisance to be closed for up to a year, was repealed upon the enactment of Title 2C. It recognized that N.J.S.A. 2C:33-12.1 permits the closing of premises that house nuisances, but held that the statute was applicable only after conviction under the immediately preceding N.J.S.A. 2C:33-12 which, the court said, did not cover premises involved in Sunday Closing Law violations. The court therefore vacated the municipal court's closure order. The State appealed, and we now affirm but for different reasons.
The Sunday Closing Law, N.J.S.A. 2A:171-5.8 et seq., is not a broad ban on worldly employment or business. Cf. N.J.S.A. 2A:171-1 (repealed). It prohibits retail activity in the selected areas of clothing and wearing apparel, building and lumber supply materials, furniture, home or business or office furnishings, and household, business or office appliances. N.J.S.A. 2C:170-5.8. The statute applies only in counties that adopt it by referendum, N.J.S.A. 2A:171-5.12 et seq., except in any municipality that may opt out of the county adoption. L. 1984, c. 160. It currently applies in Bergen County and Hudson County except Jersey City.
When the Sunday Closing Law was enacted in 1959, those nuisances that were indictable at common law were punishable as misdemeanors. N.J.S.A. 2A:85-1 (repealed). See N.J.S.A. 2C:1-5, 2C:98-2. One who maintained a nuisance, defined as a building or place where the law was habitually violated, was guilty of a misdemeanor. N.J.S.A. 2A:130-1, 2A:130-3. In addition to the usual penalty provided by N.J.S.A. 2A:85-7 for misdemeanors, N.J.S.A. 2A:130-4 and 2A:130-5 provided further penalties for a person convicted of maintaining a nuisance. *486 N.J.S.A. 2A:130-4 permitted an order, upon conviction under N.J.S.A. 2A:130-3, to abate the nuisance and to seize and forfeit or destroy personal property found on the premises and involved in maintaining the nuisance. N.J.S.A. 2A:130-5 permitted the further penalty, to a property owner found guilty of maintaining a nuisance, of an order to close the building where the nuisance was maintained and to bar its use for not more than a year from the date of conviction. N.J.S.A. 2A:130-4 referred specifically to N.J.S.A. 2A:130-3 and N.J.S.A. 130-5 did not. It is not at all clear that the Legislature intended a difference in their application. If there were any punishable nuisances that did not fit within N.J.S.A. 2A:130-3, no good reason appears why some should have been subject only to abatement and forfeiture and others only to closure.[1]
All of N.J.S.A. 2A:130, which outlawed and penalized nuisances, were repealed by N.J.S.A. 2C:98-2. The Sunday Closing Law survived. See N.J.S.A. 2C:98-3. New criminal code provisions were enacted on the subject of nuisances. Title 2C no longer defines a nuisance as a "building or place where the law is habitually violated," as did N.J.S.A. 2A:130-1. Instead, N.J.S.A. 2C:33-12 prohibits maintaining three specific kinds of nuisances: a) conditions that endanger the safety or health of a considerable number of persons; (b) premises where persons gather to engage in unlawful conduct, and (c) premises used as a house of prostitution or for sale, manufacture or exhibition of obscene materials. Maintaining an (a) or (b) nuisance is a *487 disorderly persons offense. Maintaining a (c) nuisance is a fourth degree crime. N.J.S.A. 2C:33-12 ends by stating that, "upon conviction under this section in addition to the sentence authorized by this code, the court may proceed as set forth in section 2C:33-12.1."
N.J.S.A. 2C:33-12.1 is an almost verbatim copy of N.J.S.A. 2A:130-4 and 2A:130-5. N.J.S.A. 2C:33-12.1a authorizes the additional penalty upon conviction under N.J.S.A. 2C:33-12 of an order to abate the nuisance and forfeit or destroy personal property found on the premises and involved in maintaining the nuisance. N.J.S.A. 2C:33-12.1b permits the further penalty of an order to close the building where the nuisance was maintained and to bar its use for not more than a year. But, like N.J.S.A. 2A:130-5, it permits closure "if the owner of any building or place is found guilty of maintaining a nuisance...." It does not expressly limit itself to conviction under N.J.S.A. 2C:33-12.
That difference founds the State's argument that the penalty of closure does not depend on a conviction under N.J.S.A. 2C:33-12, but is a possible consequence of maintaining any premises which are statutorily defined as a nuisance. Further, the State argues, if N.J.S.A. 2A:171-5.9 nuisances are not subject to N.J.S.A. 2C:33-12.1b penalties, they are not punishable at all, and N.J.S.A. 2A:171-5.9 is rendered pointless. Surely, the State concludes, the Legislature did not intend to brand premises housing unlawful activity a nuisance and then repeal the only sanction for maintaining the nuisance.
The State's argument can not overcome the clear wording of N.J.S.A. 2C:33-12.1b. As noted, it is triggered only upon an owner's conviction for maintaining a nuisance. When the same language was contained in N.J.S.A. 2A:130-5, the penalty of closure did not automatically follow four Sunday Closing Law convictions. There had to be an indictment under N.J.S.A. 2A:130-3 for the misdemeanor of maintaining a nuisance. That *488 is because N.J.S.A. 2A:171-5.9 merely declares the premises a nuisance. It does not criminalize or penalize the nuisance.
N.J.S.A. 2C:33-12 is the only current statutory section under which a person may be convicted of maintaining a nuisance. Thus, conviction under one of the subsections of N.J.S.A. 2C:33-12 is a necessary foundation for a closure penalty under N.J.S.A. 2C:33-12.1b.
Comparison of earlier statutory language clarifies the matter. N.J.S.A. 171-5.2 is the predecessor of N.J.S.A. 2A:171-5.9. The quoted language below is N.J.S.A. 2A:171-5.2. The underlined portion is N.J.S.A. 2A:171-5.9; the remainder was not included in the new section.

In addition to the penalties hereinabove provided in case of conviction under section 1 of this act, upon any 4 convictions for violations of this act, the premises in or upon which the violation occurred shall be deemed a nuisance and the owners, tenants and occupants of such premises shall be liable for the penalties and additional penalties provided for the maintenance of nuisances as set forth in section 2A:130 et seq. of the New Jersey Statutes.
N.J.S.A. 171-5.2 was enacted in 1958 as a part of a selective Sunday Closing Law which was inoperative, by its own terms, in counties bordering the Atlantic Ocean with population less than 225,000. N.J.S.A. 2A:171-5.5. That distinction was declared constitutionally invalid in Sarner v. Union Tp., 55 N.J. Super. 523 (Law Div. 1959). The Legislature responded with the immediate enactment of the county-option 1959 statute. See Two Guys from Harrison, Inc. v. Furman, 32 N.J. 199, 210-211 (1960). It included N.J.S.A. 2A:171-5.9 as a replacement for N.J.S.A. 171-5.2, but without the references to owners, tenants, occupants and N.J.S.A. 2A:130 penalties.
Plainly, the 1958 statute contemplated prosecution under N.J.S.A. 2A:130-3 of an owner, tenant or occupant who repeatedly violated the Sunday law, with a possible prison term and the additional penalties of N.J.S.A. 2A:130-4 and 2A:130-5. Surely, the 1958 statute could not have contemplated imposition of three year prison terms by municipal courts in N.J.S.A. 2A:171-5.8 proceedings without indictment and trial by jury. State v. Owens, 54 N.J. 153, 156-157 (1969). Just as plainly, *489 the 1959 version omitted the bridging language that authorized prosecution of repetitive Sunday law violators under the statutes criminalizing and penalizing nuisances.
Legislative history does not reveal why the 1959 version omitted the language that connected the two statutes. Perhaps the omission was inadvertent. Perhaps it was a retreat from the previous year's position that Sunday retailers should be exposed to state prison sentences and the other heavy penalties of N.J.S.A. 2A:130-1 et seq. Whatever the cause of the statutory change, it is impossible to ignore it or to conclude that the Legislature deleted the words because it thought they made no difference.
We are conscious of our responsibility to give a harmonizing construction to legislation and to read it so as to give effect to all of its provisions and to the legislative will. State v. Green, 62 N.J. 547 (1973); Nero v. Hyland, 76 N.J. 213 (1978). We cannot, however, supply every legislative omission, see Klink v. Monroe Tp., 181 N.J. Super. 25, 30-31 (App.Div. 1981), or ignore statutory changes made by the Legislature. The active legal imagination can create bridges between N.J.S.A. 2A:171-5.9 and N.J.S.A. 2C:33-12.1b. But, penal laws must be strictly construed. State v. Insabella, 190 N.J. Super. 544, 550 (App.Div. 1983). They must give persons of ordinary intelligence fair notice of what conduct is prohibited and what consequences may follow violation of the law. In Re Suspension of De Marco, 83 N.J. 25, 37 (1980). It is, therefore, inappropriate to supply missing connections in criminal statutes that persons of ordinary intelligence would not discover.
The Legislature may, if it wishes, supply the statutory omission that we have identified. It need only amend N.J.S.A. 2C:33-12 to include nuisances under N.J.S.A. 2A:171-5.9. The Legislature may also wish to consider whether a parallel problem exists with respect to N.J.S.A. 24:21-35, which declares premises involved with illegal drug activity a "common nuisance."
*490 We do not hold that premises upon which numerous Sunday Closing Law violations took place can never be a nuisance under N.J.S.A. 2C:33-12 as it exists today. The State's nuisance charge was not, however, brought under that section or addressed to its requirements.
Affirmed.
NOTES
[1] There were special legislative treatments of various special kinds of nuisances, for example, N.J.S.A. 40:189-1 et seq. (proceedings to permit razing by city of structurally defective building); N.J.S.A. 26:3B-1 et seq. (repealed. See N.J.S.A. 58:12A-1 et seq.) (proceedings to penalize maintaining particular health nuisances under Penalty Enforcement Law); N.J.S.A. 34:9A-32 and 34. (penalties and suit by Attorney General to abate nuisance of non-conforming migrant labor camp); N.J.S.A. 33:2-11 (unregistered still a nuisance which may be seized and destroyed without notice or hearing); N.J.S.A. 58:11-39 and 41 (penalties and suit to abate nuisance of non-conforming privately constructed water or sewerage facilities). Many of these special treatments remain in the law today.