MACK PARAMUS CO., ET AL. PLAINTIFFS-RESPONDENTS, v. THE MAYOR AND COUNCIL OF THE BOROUGH OF PARAMUS, DEFENDANT-APPELLANT.

BOROUGH OF MIDLAND PARK, PLAINTIFF-APPELLANT, v. EX-CELSIOR PANBRO COMPANIES, INC. T/A MIDLAND PARK FOODTOWN AND THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC. T/A A & P FOOD STORES, DEFENDANTS-RE-SPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued April 22, 1985—Decided May 30, 1985.

Before Judges McELROY, DREIER and SHEBELL.

*Frank J. Cuccio* argued the cause for appellant Mayor and Council of the Borough of Paramus (*Cuccio & Cuccio,* attorneys; *Frank J. Cuccio,* of counsel, *Marjess Leighton,* on the brief).

*Patrick X. Amoresano* argued the cause for appellant Borough of Midland Park (*Jeffer, Hartman, Hopkinson, Vogel, Coomber & Peiffer,* attorneys; *Patrick X. Amoresano,* on the brief).

*George B. Gelman* argued the cause for respondents Mack Paramus Co., et al. (*Gelman & McNish*, attorneys; *George B. Gelman* and *Jill L. McNish*, on the brief).

*Robert L. Ritter* argued the cause for respondent Excelsior Panbro Companies, Inc. t/a Midland Park Foodtown (*Cole, Schotz, Bernstein, Meisel & Forman*, attorneys; *Robert L. Ritter*, on the brief).

*Roger W. Breslin, Jr.* argued the cause for respondent The Great Atlantic & Pacific Tea Company, Inc. t/a A & P Food Stores (*Beattie, Padovano, Breslin & Dunn*, attorneys; *Roger W. Breslin*, on letter brief).

The opinion of the court was delivered by

DREIER, J.A.D.

Defendant in the Paramus case and plaintiff in the Midland Park action appeal from summary judgments granted by Judge Harvey Smith in the Law Division invalidating their respective municipal ordinances prohibiting virtually all commercial activities on Sunday. Judge Smith determined that these ordinances were *ultra vires,* because this subject matter was preempted by the Code of Criminal Justice, *N.J.S.A.* 2C:1–5(d). We concur.

The history of Sunday closing laws in New Jersey prior to 1951 is set forth in *Two Guys from Harrison, Inc. v. Furman,* 32 *N.J.* 199, 205–211 (1960), and need not be restated here. In 1951 *N.J.S.A.* 2A:171–1 *et seq.* was enacted in two articles. The first article was a broad prohibition on Sunday activities, while the second was a municipal option to permit specific modifications of the prohibition. The Supreme Court in *Auto-Rite Supply Co. v. Woodbridge Tp.,* 25 *N.J.* 188 (1957), held that the statute preempted a municipal ordinance prohibiting the sale of specific items. Thereafter, the Legislature enacted *N.J.S.A.* 2A:171–5.1 *et seq.* (which was declared unconstitutional in *Sarner v. Union Tp.,* 55 *N.J.Super.* 523 (Law Div. 1959)) and, subsequently, *L.*1959, *c.* 119, *N.J.S.A.* 2A:171–5.8 *et seq.,* gener-

ally still referred to as "Chapter 119." Chapter 119 established a county option for the applicability of limited Sunday closing provisions prohibiting the sale of five classes of merchandise.[1] Its constitutionality was upheld in *Two Guys from Harrison, Inc. v. Furman, supra.* in an opinion where the Court, seriously questioning the constitutionality of the broad restraints set forth in *N.J.S.A.* 2A:171-1, determined that Chapter 119 had impliedly repealed the inconsistent policies contained in the earlier 1951 revision. 32 *N.J.* at 217–223.

An earlier Paramus ordinance complying precisely with the municipal option provisions of *N.J.S.A.* 2A:171-6 *et seq.* was upheld in *Masters-Jersey, Inc. v. Paramus,* 32 *N.J.* 296 (1960). The Supreme Court there noted that since it had just determined that *N.J.S.A.* 2A:171-1 *et seq.* had been impliedly repealed by Chapter 119, it might be argued that *N.J.S.A.* 2A:171-6 *et seq.*, granting municipalities power to exempt certain activities from the broad restraints of the repealed statute, should, therefore, fall as well. The Court reasoned, however that

the repeal did not vitiate the ordinance. As we have already said, that statute was not the source of municipal power to act but rather served to constrain municipalities to adhere to its terms if they chose to legislate. Paramus followed precisely this course in exercising the police power it received under *R.S.* 40:48–2. The repeal of the restraining state law accordingly did not undercut the ordinance.

... A municipality may not authorize what the state statute prohibits in any county in which the statute operates, but *Chapter* 119 does not prevent the municipality from proscribing other activities if there is an evil justifying the exercise of its delegated police power. [*Id.* at 302].

Therefore, on the eve of the adoption of the Code of Criminal Justice the voters of a county had the option by referendum to prohibit the sale of certain classes of goods, and a municipality had the general police power further to regulate Sunday commercial activities. The issue before us is whether the Code of

---

[1]Both Midland Park and Paramus are located in Bergen County which by referendum exercised its option under Chapter 119 and adopted limited Sunday closing provisions.

Criminal Justice removed this municipal option. *N.J.S.A.* 2C:1–5(d) provides:

Notwithstanding any other provision of law, the local governmental units of this State may neither enact nor enforce any ordinance or other local law or regulation conflicting with, or preempted by, any provision of this code or with any policy of this State expressed by this code, whether that policy be expressed by inclusion of a provision in the code or by exclusion of that subject from the code.

*N.J.S.A.* 2C:1–5 a abolishes common-law crimes and states that "no conduct constitutes an offense unless the offense is defined by this code or another statute of this State." As used in this section the word "statute" "includes the Constitution and a local law or ordinance of a political subdivision of this State." *N.J.S.A.* 2C:1–14 a. Thus, an offense may be defined by a municipal ordinance, and we must determine whether, notwithstanding *Masters-Jersey, Inc.,* the subject matter of the ordinances in question was preempted by provisions of the Code of Criminal Justice or by any policy of the State expressed in the Code by inclusion or exclusion. This analysis was performed in *State v. Crawley,* 90 *N.J.* 241 (1982) holding invalid the vagrancy and loitering ordinances of the City of Newark, although given the substantial overlap between the Newark ordinance and *N.J.S.A.* 2C:33–2 and 4, that case did not present the preclusion by implication issue before us.

We note that in *N.J.S.A.* 2C:98–2 the 1951 Sunday closing provisions, *N.J.S.A.* 2A:171–1, 2, 4, 5, and 6–12, are expressly repealed. In addition, *N.J.S.A.* 2C:98–3 shows Chapter 119 to be saved from repeal. Thus the Legislature in the Code made affirmative decisions to preserve the county options set forth in Chapter 119, to clear from the statute books the superseded broad prohibition and municipal relaxation thereof, and to eschew any further municipal regulation.

In *Master-Jersey, Inc. v. Paramus, supra,* the Supreme Court held that *N.J.S.A.* 40:48–2 permitted the separate exercise of municipal police power where a municipality has not authorized "what the State statute prohibits in any county in which the statute operates," 32 *N.J.* at 302. This determina-

tion, however, was made before the enactment of *N.J.S.A.* 2C:5–1(d) which declares the primacy of the expression of State policy in the criminal area both "by inclusion of a provision in the code or by exclusion of that subject from the code." *Cf. Dome Realty, Inc. v. Paterson,* 83 *N.J.* 212, 232 (1980), where the court found legislative encouragement for local regulation in the area of rental housing. Unlike the state of the law at the time of *Masters-Jersey, Inc.,* as of the effective date of the Code, the State no longer merely set one state-wide level of criminal prohibitions subject to supplementation at the municipal level within the same areas in which the Legislature had spoken.

██ We find that the Legislature has precluded further municipal regulation as to Sunday closings.[2] Although counties are still expressly permitted to continue to prohibit the sales of specified classes of merchandise, municipalities may not force their Sunday commercial traffic upon their neighbors nor may they prohibit the sale within their borders of merchandise subject only to county option under Chapter 119, or, as here, prohibit substantially all worldly pursuits. As was noted in *State v. Crawley, supra:*

> If municipalities were permitted to adopt local counterparts to provisions of the Code, the express legislative policy of eliminating 'overlapping and redundant provisions' from the criminal law would be defeated. 90 *N.J.* at 251.

The Code of Criminal Justice, by saving Chapter 119 from repeal, repealing the balance of the Sunday closing sections and failing to include any municipal option to expand upon this expressed State policy, preempted concurrent municipal regulation in this field.[3]

---

[2]But see the recently enacted *L.*1984, *c.* 160 permitting a local referendum option in cities of the first class in counties that have adopted Chapter 119. At the present time this statute only affects the City of Jersey City.

[3]The preemptive relationship between the Code of Criminal Justice and the "nuisance" provisions of the Sunday Closing Law, *N.J.S.A.* 2A:171–5.9, has also been examined. This court acknowledged the preeminence and exclusivity of

As noted at the outset, the summary judgments granted in favor of the plaintiff in the Paramus case and the defendant in the Midland Park case are affirmed.

the Code nuisance provisions in *State v. Channel Home Centers,* 199 *N.J.Super.* 483, 489 *A.2d* 1225, 1228 (App.Div.1985).