EDWARD A. DEVLIN, III, T/A OCEAN SALES COMPANY, PLAINTIFF-RESPONDENT, v. MAYOR AND COUNCIL, CITY OF OCEAN CITY, DEFENDANT-APPELLANT.

Argued March 3, 1986—Decided July 23, 1986.

*Charles R. Previti* argued the cause for appellant (*Previti, Todd, Gemmel, Fitzgerald & Nugent,* attorneys; *Gordon C. Duus,* on the briefs).

*Mark E. Roddy* argued the cause for respondent (*Goldenberg, Mackler & Sayegh,* attorneys).

PER CURIAM.

This appeal presents us with the issue of the validity of a municipal Sunday closing ordinance in relation to the differing provisions of State law governing activities on Sunday. The issue to be decided is virtually identical to that decided today in *Mack Paramus Co. v. Mayor and Council of Paramus,* 103 *N.J.* 564 (1986).

The local regulation is an ordinance of the City of Ocean City. Ocean City is a resort municipality located upon a barrier island

in Cape May County. Its population of approximately 15,000 swells to nearly 125,000 on summer weekends. In 1963 the citizens of Ocean City adopted Ordinance 947 by referendum. Ocean City Ordinance 947 provides that it is unlawful on Sundays for "any person, firm, association or corporation to engage in any worldly employment or business" or to operate "any amusement, sport or entertainment for admittance, use or participation by the general public." The ordinance contains a lengthy list of exceptions of permitted Sunday activities.

Respondent, Edward A. Devlin, III, t/a Ocean Sales Company, is the owner and operator of a retail establishment in Ocean City. Following the decision of the Appellate Division in *Mack Paramus Co. v. Mayor and Council of Paramus*, 201 *N.J.Super.* 508 (1985), respondent filed a complaint in lieu of prerogative writ to challenge the validity of Ordinance 947 on grounds that local regulation of Sunday activities was effectively preempted by State law.

On June 20, 1985, an order was entered by the trial judge invalidating Ordinance 947 and prohibiting the City from enforcing it directly or indirectly. He did so on the strength of the Appellate Division's opinion in *Mack Paramus Co.* The appellant filed an appeal with the Appellate Division, and we granted the subsequent motion for direct certification. 102 *N.J.* 325 (1985).

Like the ordinances of Paramus and Midland Park, Ocean City's Sunday closing ordinance prohibits more activities than those foreclosed under the State statutory scheme of *N.J.S.A.* 2A:171–5.8 to 5.18. However, Paramus and Midland Park were situated in a county, Bergen, that had adopted by referendum the State Sunday closing law, making the prohibitions of that law applicable throughout the county. *N.J.S.A.* 2A:171–5.8 to 5.18. Cape May County, in which Ocean City is located, has not adopted the Sunday closing law. Hence, in comparison to

Paramus and Midland Park and its Bergen county municipal neighbors, Ocean City with its Sunday closing regulation stands in sharper contrast to its neighboring municipalities, which presumably are not subject to any Sunday closing prohibitions.[1] Nevertheless, the record on this point is wholly undeveloped, and this factor does not appear to affect the preemption analysis that must be applied to determine the enforceability of Ocean City's ordinance.

For the reasons set forth in *Mack Paramus Co. v. Mayor and Council of Paramus, supra,* 103 *N.J.* 564, we conclude that the Ocean City Sunday closing ordinance was not preempted by the Code of Criminal Justice, *N.J.S.A.* 2C:1-1 to :98-4, particularly *N.J.S.A.* 2C:1-5(d), and accordingly determine that Ordinance 947 is enforceable.

We reverse the judgment below.

O'HERN, J., dissenting.

Since, as the majority indicates, "[t]he issue to be decided is virtually identical to that decided today in *Mack Paramus Co. v. Mayor and Council of the Borough of Paramus,* 103 *N.J.* 564 (1986)," *ante* at 588, I dissent in this case for the same reasons set forth in my dissenting opinion in *Mack Paramus Co. See* 103 *N.J.* at 564-587.

*For reversal*—Chief Justice WILENTZ, and Justices CLIFFORD, HANDLER and POLLOCK—4.

*For affirmance*—Justices O'HERN and GARIBALDI—2.

---

[1] We note in this case, as we did in *Mack Paramus Co., supra,* 103 *N.J.* 578 at n. 3, that appellant does not present any constitutional claims with respect to the application of the Ocean City Sunday closing ordinance. Accordingly, we do not address any constitutional issues concerning the validity of the local ordinance.